

**ZACHARY W. CARTER**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**TANYA N. BLOCKER**
Labor and Employment Law Division
Phone: (212) 356-3177
Fax: (212) 356-2089
E-mail: tblocker@law.nyc.gov

December 18, 2015

Hon. Pamela K. Chen (By ECF)
United States District Judge,
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Greenberg v. SUNY Downstate, et. al.*
> 15 CV 02343 (PKC)(VMS)

Dear Judge Chen:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for the defendants New York City Health and Hospitals Corporation ("HHC") and Kings County Hospital Center ("KCHC") (collectively "HHC Defendants"), in the above-referenced action. Pursuant to Your Honor's Individual Practices, HHC Defendants submit this letter requesting a pre-motion conference to discuss their anticipated motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP").

Plaintiff, a physician employed by Defendant State University Hospital-Downstate Medical Center ("SUNY Downstate") and assigned under an affiliation agreement to HHC's Kings County Hospital Center as an attending physician in KCHC's emergency room, commenced this action on October 23, 2015, after his discharge on October 22, 2014. Plaintiff alleges that the "Employer Defendants"[1] terminated his services for reasons predicated on his race (Caucasian), religion (Jewish), and/or age in violation of the following statutes: § 1981, § 1983, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the SHRL and CHRL. Plaintiff further alleges that "Employer Defendants" retaliated against him for expressing his intent to file a complaint with the EEOC concerning the above claimed

---

[1] In n.1 of his Amended Complaint, Plaintiff characterizes defendants "Downstate, HHC, KCHC, Reede and Pulitzer collectively, as the 'Employer Defendants.'" *See* Dkt. No. 6 at 1. However, he does not allege any fact in the Amended Complaint attributable specifically to the HHC Defendants.

discrimination, and for his use of leave pursuant to the 29 U.S.C. §§ 2601 *et. seq.*, Family Medical Leave Act ("FMLA") to care for his son.

## A.      Background

In 2014, while assigned to the radiology emergency room at KCHC, Plaintiff reported to Defendants Deborah Reede ("Reede"), Chairperson of the Department of Radiology at SUNY Downstate and Steven Pulitzer ("Pulitzer), Assistant Professor SUNY Downstate and designated Director of Radiology.  Similar to Plaintiff, both Reede and Pulitzer were assigned to KCHC under the affiliate agreement and employed by SUNY Downstate.  Amend. Compl. ¶¶ 5-6, 33.   While under Reede's and Pulitzer's stewardship, all requests concerning Plaintiffs reassignment, promotion, time and leave, and disciplinary actions were approved and/or instituted by Reede and Pulitzer.

## B.      Failure To State A Plausible Claim For Race, Age, Or Religious Discrimination And Retaliation

### 1.      Title VII, § 1983, § 1981 and SHRL Discrimination Claims

As a threshold matter, Plaintiff fails to allege any particularized or individualized allegations of the existence of an employer-employee relationship with HHC Defendants; specifically whether HHC Defendants are Plaintiff's "employer[s]" as defined by Title VII, SHRL, § 1983 or § 1981.  *See London v. NYS Department of Homeless Serv*., *et. al.,* 13 CV 6723 (PAC) (GWG) 2014 U.S. Dist. LEXIS 103500, ( S.D.N.Y. July 29, 2014).  Rather, the Amended Complaint pleads, in speculative fashion, that pursuant to an "affiliation agreement with Downstate," "Plaintiff was assigned by "Employer Defendants" to perform "his daily duties as a radiologist at KCHC."   Amended Complaint ¶ 4.  As pleaded, "Employer Defendants" are referred to as "Downstate, HHC, KCHC, Reede and Pulitzer."  *Id*. at Fn. 1.  Significantly, while the Amended Complaint asserts discrimination claims premised on reverse racism, ageism, and anti-Jewish animus, it only pleads punitive conduct engaged in, encouraged by, and/or conducted by Reede and Pulitzer—Defendant SUNY Downstate employees.   Other than the above conclusory labeling as "Employer Defendants," no facts are alleged concerning any commonality in hiring, firing, disciplining, compensating or supervising of Plaintiff by Defendant SUNY Downstate and HHC Defendants to justify a conclusion the that HHC Defendants employed Plaintiff jointly or otherwise.  *See London,* 2014 U.S. Dist. LEXIS 103500, *19.

This lack of an employee-employer relationship is 1) further buttressed by the fact that Defendants Reede and Pulitzer are pleaded as employees of Defendant SUNY Downstate and share the same counsel for purposes of defending against this action, and 2) belied by the fact that Defendants United University Professions and SUNY Downstate Medical Center Chapter of United University Professions ("Union Defendants")—to which Plaintiff alleges membership and avers a breach of the duty of fair representation—represents exclusively SUNY employees.  *See* http://uupinfo.org/membership/welcome.php.  While not dispositive, these factors further diminish Plaintiff's contention that Plaintiff—a state employee—is employed by HHC, a city agency, for purposes of employment law.

2

Moreover, a cognizable claim of discrimination is not present even under the more lenient CHRL. While the CHRL stretches beyond the "employer-employee relationship" and imposes liability for violations of the anti-discrimination laws by employees as well employer agents, the Amended Complaint remains deficient. No facts attributing any knowledge of, or participation in the claimed discriminatory conduct of Defendants Reede and Pulitzer are alleged to impute agency liability on HHC Defendants for co-defendant SUNY Downstate employees' conduct are pleaded to withstand dismissal. *See Malena v. Victoria's Secret Direct, LLC*, 886 F.Supp.2d 349, 367 (S.D.N.Y 2012) (agents are only liable so long as they "actually participate[] in the conduct giving rise to the plaintiff's . . . claim."). Because no plausible, non-conclusory facts are present evidencing an agency relationship, and should one exist, that HHC Defendants as "agents" of Defendant SUNY Downstate participated in the putative conduct pleaded herein, no cognizable claim under CHRL may be had.

## 2.      FMLA Interference and Retaliation

Plaintiff's FMLA interference and retaliation claims, likewise fail. While the definition of employer under the FMLA tracks that of the Fair Labor Standards Act ("FLSA"), the Amended Complaint yet omits any plausible facts that HHC Defendants possessed "control [in whole or in part] over the work or working conditions of" Plaintiff, namely his rights under the FMLA, to trigger liability. 29 C.F.R. § 825.106(a). As highlighted above, Plaintiff's characterization of HHC Defendants generally as "Employer Defendants" and reference to his assignment to KCHC are sparse allegations, hardly enough to "nudge [Plaintiff's] claims across the line from conceivable to plausible" for application of the FMLA against HHC Defendants. *Vega v. Hempstead Union Free School District*, 2015, U.S. App. LEXIS 15572 *30 -31 (2d Cir. Sept. 2, 2015) (internal citation omitted). The Amended Complaint neither pleads sufficient facts to put HHC Defendants on notice that Plaintiff exercised rights protected by the FMLA, nor plausible facts that Plaintiff's termination was by HHC Defendants and motivated by his use of FMLA leave to raise an inference of interference and retaliatory intent. *See Nally v. New York State Division of Parole*, 10 CV 1186 (MAD/CFH) 2013 U.S.Dist. LEXIS 75722 **35, 42- 47 (N.D.N.Y May 30, 2013) (dismissing Plaintiff's FMLA interference and retaliation claims due to plaintiff's failure to qualify for or notify employers of the need to take leave); s*ee Potenza v. City of New York,* 365 F.3d. 165, 167 (2d Cir. 2004) (FMLA retaliation standard*).*

Accordingly, for the foregoing reasons, HHC Defendants respectfully request a pre-motion conference to discuss its intent to file a dispositive motion, dismissing the Amended Complaint.

Respectfully submitted,
*/s/ Tanya N. Blocker*
Tanya N. Blocker
Assistant Corporation Counsel

3

cc:    Eric Nelson, Esq. (by ECF)
        Attorney for Plaintiff

        Christopher Vance Coulston (by ECF)
        Assistant Attorney General
        Attorney for Defendants SUNY Downstate, Reede and Pulitzer

        Michael J. Del Piano (by ECF)
        Attorney for Defendants United University Professions ("UUP") and
          SUNY Downstate Medical Center Chapter of UUP