UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ODED GREENBERG, M.D.,

Plaintiff,

- against -

SUNY Downstate et al.,

Defendants.

**ANSWER OF
DEFENDANT SUNY**

15-cv-2343 (PKC/VMS)

**ORIGINAL FILED BY
E.C.F.**

Defendants Dr. Deborah Reede, Dr. Steven Pulitzer (the "Individual Defendants"), and The State University of New York ("SUNY")(together the "Defendants"), by their attorney ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, answer the Second Amended Complaint (the "Complaint") as follows:

Defendants deny the allegations contained in each unnumbered paragraph and heading contained in the Complaint.

The Defendants deny any allegations in the Complaint that are not specifically addressed herein.

## NATURE OF THE ACTION

1.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, except admit that Plaintiff is board certified in Diagnostic Radiology and Anatomic Pathology; fellowship-trained in Body Imaging; duly licensed and authorized to practice medicine and radiology in the State of New York; Plaintiff was employed by SUNY Downstate; and Plaintiff was at one point Director of ER Radiology.

2.      Defendants deny the allegations in Paragraph 2 and refer to N.Y. Educ. Law §§ 351 and 352 for a more complete and accurate description of SUNY and

its authorization to conduct business in New York, except admit that it is located at 450 Clarkson Ave., Brooklyn, New York 11203 and that Dr. John Williams has been the President and Dr. Michael Lucchesi has been the Chief Medical Officer of Downstate since January 1, 2014.  Dr. Pamela Sass was the Interim Dean of the College of Medicine from September 1, 2014 to July 1, 2015.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, except admit that KCHC is located at 451 Clarkson Ave. and that Plaintiff worked as a radiologist at KCHC.

5. Defendants admit the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6, except denies that he resides at 141 West 71st Street, Penthouse A, New York, New York 10023.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Paragraph 8 states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to bring the claims alleged in Paragraph 8, but deny that Plaintiff is entitled to any relief.

9. Paragraph 9 states a legal conclusion as to which no response is required.

10. Paragraph 10 states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 10, except admit that Plaintiff filed a complaint with the U.S. Equal

Employment Opportunity Commission and that a right to sue letter was issued but deny knowledge or information sufficient to form a belief as to when the letter was issued.

11. Paragraph 11 states a legal conclusion as to which no response is required.

12. Paragraph 12 states a legal conclusion as to which no response is required.

## Alleged Facts

13. The Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 13, except deny that Plaintiff had a spotless employment record and admit that Plaintiff worked principally at KCHC in the emergency room and ER radiology reading room and began working at KCHC in April 2001 and that he worked there until October 2014.

14. Defendants admit that Plaintiff's duties included but were not limited to those alleged in Paragraph 14, except deny knowledge or information sufficient to form a belief as to whether Plaintiff attended rounds and examined patients.

15. The Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16, except admit that Defendant Reede was hired as the chairperson of the Department of Radiology.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants SUNY and Reede deny the allegations in Paragraph 19, except admit that Dr. Mason, Dr. Roitberg, Dr. Areman, Dr. Kantor, Dr. Mirchandani,

Dr. Nath, Dr. Choi, and Ms. Neiman were not renewed as employees in 2014, admit that Plaintiff was terminated, and admit that Dr. Waite remains employed by SUNY. Defendant Pulitzer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, except admits that Dr. Mason, Dr. Roitberg, Dr. Areman, Dr. Kantor, Dr. Mirchandani, Dr. Nath, Dr. Choi, and Ms. Neiman were not renewed as employees in 2014, admit that Plaintiff was terminated, and admits that Dr. Waite remains employed by SUNY.

20.     Defendants SUNY and Reede deny the allegations in Paragraph 20, except admit that Dr. Jinel Scott-Moore replaced Dr. Areman.  Defendant Pulitzer denies knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 20.

21.     Defendants SUNY and Reede deny the allegations in Paragraph 21.  Defendant Pulitzer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     Defendants SUNY and Reede deny the allegations in Paragraph 22.  Defendant Pulitzer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     Defendants SUNY and Reede deny the allegations in Paragraph 23.  Defendant Pulitzer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     Defendants SUNY and Reede deny the allegations in Paragraph 24, except admit that Plaintiff was not appointed as Director of ER Radiology in 2014, admit that Plaintiff was the Director of ER Radiology until 2009, and deny knowledge or

information sufficient to form a belief as to the reasons for Plaintiff relinquishing the position of Director of ER Radiology, whether Dr. Areman was appointed Director in 2009, and of Dr. Areman's religious beliefs. Defendant Pulitzer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, except admits that Plaintiff was the Director of ER Radiology until 2009.

25.     Defendants SUNY and Reede deny the allegations in Paragraph 25, except admit that Dr. Areman was dismissed, admit that Plaintiff was not appointed to the position of Director of ER Radiology, admit that Dr. Scott-Moore received the appointment, admit that Dr. Scott-Moore identifies as black and is younger than Plaintiff, admit that Plaintiff supervised Dr. Scott-Moore when he was a resident, and deny knowledge or information sufficient to form a belief as to the religious beliefs of Dr. Scott-Moore. Defendant Pulitzer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, except admits that Dr. Areman was dismissed, admit that Plaintiff was not appointed to the position of Director of ER Radiology, admit that Dr. Scott-Moore received the appointment, admit that Dr. Scott-Moore identifies as black and is younger than Plaintiff, and admit that Plaintiff supervised Dr. Scott-Moore when he was a resident

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, except admit that Dr. Scott-Moore is younger than Plaintiff, identifies as black, completed her residency in 2006, and has fewer years of experience in ER Radiology and radiology than Plaintiff.

27.     Defendants SUNY and Reede deny the allegations in Paragraph 27. Defendant Pulitzer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, except admit that Plaintiff identifies as white and that Plaintiff has expressed that he has a child with special needs.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30, except admit that Plaintiff stated that he would not show up for work on September 4 and 5, 2014.

31.     Defendants SUNY and Pulitzer deny the allegations in Paragraph 31, except admit that Plaintiff informed Dr. Pulitzer that he would not show up for work on September 4 and 5, 2014.  Defendant Reede denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Defendants SUNY and Pulitzer deny the allegations, except admit that Plaintiff has expressed that he has a child with special needs and that the department was short-staffed at the time Plaintiff requested leave.  Defendants Reede denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, except admits that the department was short-staffed at the time Plaintiff requested leave.

33.     Defendants deny the allegations in Paragraph 33, except admit that Plaintiff was informed that if he failed to appear for work on September 4 and 5, 2014 the matter would be referred to Labor Relations.

34.     Defendant Pulitzer denies the allegations in Paragraph 34, except admits that he said to Plaintiff "I hope you know what you are doing."  Defendants SUNY and Reede deny knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35, except admit that Plaintiff was absent from work on September 4 and 5, 2014 and deny knowledge or information sufficient to form a belief as to whether Plaintiff emailed anyone at SUNY on September 4.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Defendants respectfully refer the Court to the September 4, 2014 letter to Dr. Greenberg for a true statement of its contents, and deny any allegations in Paragraph 37 inconsistent with that letter.

38. Defendants respectfully refer the Court to the Collective Bargaining Agreement referred to in Paragraph 38 for a true statement of its contents, and otherwise aver that this Paragraph contains statements of law to which no response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 38 that are inconsistent with that agreement.

39. Defendants respectfully refer the Court to the Collective Bargaining Agreement referred for a true statement of its contents, and otherwise deny any allegations in Paragraph 39 inconsistent with that agreement. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 as to whether Plaintiff met with the UUP.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, except admit that Plaintiff returned to KCHC on September 8, 2015.

41. Defendant SUNY denies the allegations in Paragraph 41, except admits that Plaintiff was told to report to the Labor Relations office and Plaintiff did so. Defendants Reede and Pulitzer deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, except admit that Plaintiff attended a meeting in the Labor Relations office.

42. Defendant SUNY denies the allegations in Paragraph 42, except admits that no agent or representative of the Union Defendants was present at the meeting. Defendants Reede and Pulitzer deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Defendant SUNY denies the allegations Paragraph 43, except admits that Plaintiff signed a settlement agreement and respectfully refers the Court to that agreement for a true statement of its contents. Defendants Reede and Pulitzer deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, except admit that Plaintiff signed a settlement agreement and that agreement speaks for itself.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Defendant SUNY denies the allegations in Paragraph 45, except admits that Plaintiff signed a settlement agreement and respectfully refers the Court to the agreement for a true statement of its contents. Defendants Reede and Pulitzer deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, except admit that Plaintiff signed a settlement agreement respectfully refers the Court to the agreement for a true statement of its contents.

46. Defendant SUNY denies the allegations in Paragraph 46, except admits that Plaintiff signed a settlement agreement and returned to work. Defendants Reede and Pulitzer deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, except admit that Plaintiff signed a settlement agreement and returned to work.

47. Defendants SUNY and Pulitzer deny the allegations in Paragraph 47, except admit that Plaintiff requested additional leave from Defendant Pulitzer and that Defendant Pulitzer denied the request. Defendant Reede denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Defendant SUNY denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, except admits that Plaintiff was sent a letter on October 3 directing him to report to Labor Relations on October 8, 2014 at 11:00 a.m. Defendants Reede and Pulitzer deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. Defendant SUNY admits the allegations in Paragraph 50, except denies knowledge or information sufficient to form a belief as Plaintiff's contention that he did not receive notice of the meeting and denies Plaintiff's characterization of the September 8 agreement. Defendants Reede and Pulitzer deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Defendant SUNY denies the allegations in Paragraph 51, except admits that the meeting was postponed until October 10 and that Plaintiff was directed by

Ms. Bernadel not to return to work. Defendants Reede and Pulitzer deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. In response to the allegations in Paragraph 53, Defendant SUNY respectfully refers the Court to the transcript of the October 10 meeting, and denies any allegations in Paragraph 53 inconsistent with that transcript. Defendants Pulitzer and Reede deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. In response to the allegations in Paragraph 53, Defendant SUNY respectfully refers the Court to the transcript of the October 10 meeting, and denies any allegations in Paragraph 53 inconsistent with that transcript. Defendants Pulitzer and Reede deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Defendant SUNY denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, except admits that Ms. Bernadel informed Plaintiff that claims of discrimination were handled by the Office of Diversity and she directed him to that office. Defendants Pulitzer and Reede deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. Defendant SUNY denies the allegations in Paragraph 55, except admits that a meeting was held on October 20 with Plaintiff, Ms. Bernadel and Mr. Cuiman present and that Plaintiff was informed that he would be terminated. Defendants Pulitzer and Reede deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56, except admit that Plaintiff was terminated on October 22, 2014.

57. Defendant SUNY denies the allegations in Paragraph 57, except admit that Plaintiff did not receive severance or separation pay and deny knowledge or information sufficient to form a belief regarding the outcome of Plaintiff's unemployment claim. Defendants Pulitzer and Reede deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, except deny that they tried to prevent him from obtaining a similar position elsewhere.

58. Defendants deny the allegations in Paragraph 58.

## ALLEGED FIRST CAUSE OF ACTION

59. In response to the allegations incorporated in Paragraph 59, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 58.

60. Paragraph 60 states a legal conclusion as to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to proceed on the legal bases asserted therein but denies that he states a claim or is entitled to recovery thereunder.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

## ALLEGED SECOND CAUSE OF ACTION

64. In response to the allegations incorporated in Paragraph 64,

Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 63.

65. Paragraph 65 states a legal conclusion as to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to proceed on the legal bases asserted therein but denies that he states a claim or is entitled to recovery thereunder.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

## ALLEGED THIRD CAUSE OF ACTION

69. In response to the allegations incorporated in Paragraph 69, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 68.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

## ALLEGED FOURTH CAUSE OF ACTION

73. In response to the allegations incorporated in Paragraph 73, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 72.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

## ALLEGED FIFTH CAUSE OF ACTION

76.    In response to the allegations incorporated in Paragraph 76, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 75.

77.    Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78.

## ALLEGED SIXTH CAUSE OF ACTION

79.    In response to the allegations incorporated in Paragraph 79, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 78.

80.    Defendants deny the allegations in Paragraph 80.

81.    Defendants deny the allegations in Paragraph 81.

## ALLEGED SEVENTH CAUSE OF ACTION

82.    In response to the allegations incorporated in Paragraph 82, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 81.

83.    Defendants deny the allegations in Paragraph 83.

84.    Defendants deny the allegations in Paragraph 84.

## ALLEGED EIGHTH CAUSE OF ACTION

85.    In response to the allegations incorporated in Paragraph 85, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 84.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

## ALLEGED NINTH CAUSE OF ACTION

88. In response to the allegations incorporated in Paragraph 88, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 87.

89. Defendants admit that Plaintiff identifies as Caucasian.

90. Paragraph 90 states a legal conclusion as to which no response is required.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

## ALLEGED TENTH CAUSE OF ACTION

94. In response to the allegations incorporated in Paragraph 94, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 93.

95. Defendants admit that Plaintiff identifies as Caucasian.

96. Paragraph 96 states a legal conclusion as to which no response is required.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

## ALLEGED ELEVENTH CAUSE OF ACTION

100.    In response to the allegations incorporated in Paragraph 100, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 99.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

## ALLEGED TWELFTH CAUSE OF ACTION

103.    In response to the allegations incorporated in Paragraph 103, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 102.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

## ALLEGED THIRTEENTH CAUSE OF ACTION

106.    In response to the allegations incorporated in Paragraph 106, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 105.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109.

## ALLEGED FOURTEENTH CAUSE OF ACTION

110.    In response to the allegations incorporated in Paragraph 110, Defendants repeat and incorporate by reference their responses to the allegations asserted

in Paragraphs 1 to 109.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

## ALLEGED FIFTEENTH CAUSE OF ACTION

114.    In response to the allegations incorporated in Paragraph 114, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 113.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117.

## ALLEGED SIXTEENTH CAUSE OF ACTION

118.    In response to the allegations incorporated in Paragraph 118, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 117.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

## ALLEGED SEVENTEENTH CAUSE OF ACTION

122.    In response to the allegations incorporated in Paragraph 122, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 121.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

## ALLEGED EIGHTEENTH CAUSE OF ACTION

126. In response to the allegations incorporated in Paragraph 126, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 125.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

129. Defendants deny the allegations in Paragraph 129.

## ALLEGED NINETEENTH CAUSE OF ACTION

130. In response to the allegations incorporated in Paragraph 130, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 129.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

## ALLEGED TWENTIETH CAUSE OF ACTION

134. In response to the allegations incorporated in Paragraph 140, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 133.

135. Defendants deny the allegations in Paragraph 135.

136.     Defendants deny the allegations in Paragraph 136.

137.     Defendants deny the allegations in Paragraph 137.

## ALLEGED TWENTY-FIRST CAUSE OF ACTION

138.     In response to the allegations incorporated in Paragraph 138, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 137.

139.     Defendants deny the allegations in Paragraph 139.

140.     Defendants deny the allegations in Paragraph 140.

## ALLEGED TWENTY-SECOND CAUSE OF ACTION

141.     In response to the allegations incorporated in Paragraph 141, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 140.

142.     Defendants deny the allegations in Paragraph 142.

143.     Defendants deny the allegations in Paragraph 143.

## ALLEGED TWENTY-THIRD CAUSE OF ACTION

144.     In response to the allegations incorporated in Paragraph 144, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 143.

145.     Defendants deny the allegations in Paragraph 145.

146.     Defendants deny the allegations in Paragraph 146.

## ALLEGED TWENTY-FOURTH CAUSE OF ACTION

147.     In response to the allegations incorporated in Paragraph 147, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 146.

148.     Defendants deny the allegations in Paragraph 148.

149.     Defendants deny the allegations in Paragraph 149.

## ALLEGED TWENTY-FIFTH CAUSE OF ACTION

150.     In response to the allegations incorporated in Paragraph 150, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 149.

151.     Defendants deny the allegations in Paragraph 151.

152.     Defendants deny the allegations in Paragraph 152.

## ALLEGED TWENTY-SIXTH CAUSE OF ACTION

153.     In response to the allegations incorporated in Paragraph 153, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 152.

154.     Defendants deny the allegations in Paragraph 154.

155.     Defendants deny the allegations in Paragraph 155.

## ALLEGED TWENTY-SEVENTH CAUSE OF ACTION

156.     In response to the allegations incorporated in Paragraph 156, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 155.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

## ALLEGED TWENTY-EIGHTH CAUSE OF ACTION

159.    In response to the allegations incorporated in Paragraph 159, Defendants repeat and incorporate by reference their responses to the allegations asserted in Paragraphs 1 to 158.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

## ALLEGED PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief sought in this section as against Defendants.

## ALLEGED JURY TRIAL DEMAND

Defendants deny that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

For further and separate defenses to the causes of action alleged by Plaintiff in the Complaint, and without admitting that Defendants have the burden of proof on any fact, issue, element of a cause of action, or any of these matters, or that anything stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations, Defendants allege as follows. Defendants reserve the right to amend these defenses and to assert additional defenses to the full extent permitted by law.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his available administrative remedies with respect to some or all of his claims.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims against Defendant are barred by sovereign immunity and/or under the Eleventh Amendment to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries are the result of his own conduct or the conduct of his agents, representative or consultants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff breached the terms of the settlement agreement, dated September 8, 2014.

## NINTH AFFIRMATIVE DEFENSE

All employment decisions and actions were made for legitimate, non-discriminatory and non-retaliatory reasons.

### TENTH AFFIRMATIVE DEFENSE

Punitive damages are not available against Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

The Individual Defendants acted under the objectively reasonable belief that their actions were proper and in accord with clearly established law, and, therefore Plaintiff's claims for monetary relief against them are barred by the doctrine of qualified immunity.

### TWELFTH AFFIRMATIVE DEFENSE

The Individual Defendants were not Plaintiff's employer for purposes of the New York Human Rights Law or the New York City Human Rights Law.

### THIRTEENTH AFFIRMATIVE DEFENSE

With respect to all of Plaintiff's purported claims and to the extent that Plaintiff is successful in recovering any damages, Defendants are entitled to a setoff of, inter alia, the total amounts Plaintiff has received from other employers, other individuals, other third parties, unemployment compensation insurance, and /or workers' compensation payments.

WHEREFORE, Defendants request judgment dismissing the Complaint with prejudice, together with costs and disbursements and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
            January 6, 2016

                                                    ERIC T. SCHNEIDERMAN
                                                    Attorney General of the State of New York
                                                    *Attorney for Defendant*

                                                    BY: */s/ Christopher Coulston*
                                                    CHRISTOPHER COULSTON
                                                    Assistant Attorney General
                                                    120 Broadway, 24th Floor
                                                    New York, New York 10271
                                                    (212) 416-8556
                                                    email: christopher.coulston@ag.ny.gov

TO:        *(via ECF)*
            ERIC M. NELSON
            112 Madison Ave., Sixth Floor
            New York, New York 10016