UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ODED GREENBERG, M.D.,

                                        Plaintiff,

                        -against-

STATE UNIVERSITY HOSPITAL-DOWNSTATE
MEDICAL CENTER a/k/a THE STATE UNIVERSITY
OF NEW YORK HEALTH SCIENCE CENTER AT
BROOKLYN a/k/a SUNY DOWNSTATE MEDICAL
CENTER, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, KINGS COUNTY
HOSPITAL CENTER, DEBORAH L. REEDE, STEVEN
PULITZER, and JOHN and JANE DOES
1-20,),

                                        Defendants.
-------------------------------------------------------------------- x

**MUNICIPAL
DEFENDANTS' ANSWER
TO THE SECOND
AMENDED COMPLAINT**

15 Civ. 2343 (PKC) (VMS)

            Defendants NEW YORK CITY HEALTH AND HOSPITALS CORPORATION

("H+H") AND KINGS COUNTY HOSPITAL CENTER ("KCHC"), (collectively "Municipal

Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New

York, for their answer to the Second Amended Complaint, respectfully allege as follows:

            1.        Deny the allegations set forth in paragraph "1" of the Second Amended

Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the

allegations concerning plaintiff's citizenship, residence, religion, age, and medical credentials,

licenses and training but admit, upon information and belief, that plaintiff is Caucasian.

            2.        Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the Second Amended Complaint.

            3.        Deny the allegations set forth in paragraph "3" of the Second Amended

Complaint, except admit that the New York City Health & Hospitals Corporation ("H+H") has

offices located at 125 Worth Street, New York, N.Y. 10013 and is a body corporate and politic constituting a public benefit corporation existing and organized under the laws of the State of New York pursuant to Chapter 214-A of the New York Consolidated Laws and that KCHC is a facility within H+H.

4.      Deny the allegations set forth in paragraph "4" of the Second Amended Complaint, except admit that defendant KCHC is located at 451 Clarkson Avenue, Brooklyn, New York 11203; is a hospital administered by the New York City Health and Hospitals Corporation; and that plaintiff was assigned to KCHC's radiology department to provide contract services pursuant to an affiliation agreement between H+H and SUNY Health Science Center at Brooklyn.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Second Amended Complaint, except admit, upon information and belief, that defendant Deborah Reede held and continues to hold the title of Chairperson of the Department of Radiology at SUNY Downstate Medical Center.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Second Amended Complaint, and deny the allegations set forth therein, except admit that, pursuant to an affiliation agreement, defendant Steven Pulitzer provides services at KCHC and held and continues to hold the title of Director of Radiology.

7.      Deny the allegations set forth in paragraph "7" of the Second Amended Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Second Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

9.      Paragraph "9" of the Second Amended Complaint asserts a legal conclusion for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph "9" of the Second Amended Complaint, and respectfully refer the Court to the statutes referred to therein for a complete and accurate statement of their contents.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Second Amended Complaint, except admit that plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission under charge No. 520-2015-01423 and received a Right to Sue Letter for said charge from the Department of Justice.

11.      Paragraph "11" of the Second Amended Complaint asserts a legal conclusion for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph "11" of the Second Amended Complaint, and respectfully refer the Court to the statutes referred to therein for a complete and accurate statement of their contents.

12.      Deny the allegations set forth in paragraph "12" of the Second Amended Complaint, except admit that it purports to state the basis for venue in this Court as set forth therein.

13.      Deny the allegation in paragraph "13" of the Second Amended Complaint, except admit that plaintiff served as a contract service provider pursuant to an affiliation with

SUNY Downstate in the emergency room and ER radiology reading room at KCHC from April 2011 – October 2014.

14.    Deny the allegations set forth in paragraph "14" of the Second Amended Complaint, except admit that as a contract services provider plaintiff's privileges at KCHC included conducting x-rays, ultrasound, MRI's and CT scans.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Second Amended Complaint, except deny the allegation that plaintiff was employed by the municipal defendants.

16.    Deny the allegations set forth in paragraph "16" of the Second Amended Complaint, except admit, upon information and belief, that defendant Deborah Reede is the Chairperson of Radiology at SUNY Downstate Medical Center.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Second Amended Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Second Amended Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Second Amended Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of allegation set forth in paragraph "20" of the Second Amended Complaint, except deny the allegation that plaintiff was employed or discharged by the municipal defendants.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Second Amended Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Second Amended Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Second Amended Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Second Amended Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Second Amended Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Second Amended Complaint.

27.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Second Amended Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Second Amended Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Second Amended Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Second Amended Complaint, except deny the allegations that plaintiff informed municipal defendants about his need for leave to care for his son and that he would be unable to work on two days the following week – September 4 and 5 – for that reason.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Second Amended Complaint, except admit that upon information and belief defendant Pulitzer was plaintiff's direct supervisor.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Second Amended Complaint, except deny the allegations that defendant Pulitzer acted on behalf of municipal defendants.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Second Amended Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Second Amended Complaint, except deny the allegation that plaintiff was employed by the municipal defendants or that municipal defendants forced plaintiff to choose between his career and his family.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Second Amended Complaint, except deny the allegation that plaintiff was employed by the municipal defendants or that municipal defendants denied plaintiff's request for leave.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Second Amended Complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Second Amended Complaint, except deny the allegation that plaintiff was sent a letter on September 4 by the municipal defendants.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Second Amended Complaint, and

respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Second Amended Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Second Amended Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Second Amended Complaint, except deny the allegation that defendant Pulitzer directed plaintiff to report to municipal defendants' Labor Relations office.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Second Amended Complaint, except deny the allegation that municipal defendants took any "action" against plaintiff referred to in this paragraph.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Second Amended Complaint, except deny the allegation that plaintiff was employed by the municipal defendants, that municipal defendants denied plaintiff's request for leave, or that municipal defendants played any role in drafting the "Extorted Agreement" referred to in this paragraph.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Second Amended Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Second Amended Complaint, except deny the allegation that plaintiff was employed by municipal defendants or that municipal defendants participated in a lengthy interrogation of plaintiff, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Second Amended Complaint, except deny the allegation that plaintiff was employed by municipal defendants or that municipal defendants permitted him to return to work.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Second Amended Complaint, except deny the allegation that plaintiff was employed by the municipal defendants or that municipal defendants denied plaintiff's request for leave.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Second Amended Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Second Amended Complaint, except deny the allegation that plaintiff was sent a letter on October 3 by the municipal defendants.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Second Amended Complaint, except deny the allegation that Stephanie Bernadel is a member of municipal defendants' Labor Relations Department.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Second Amended Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Second Amended Complaint, except deny the allegation that municipal defendants participated in an interrogation of plaintiff or that municipal defendants informed plaintiff that he was being considered for discharge for a second occasion of unauthorized leave and insubordination.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Second Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Second Amended Complaint, except deny the allegation that Bernadel informed plaintiff that such claims were handled by municipal defendants' "Office of Diversity."

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Second Amended Complaint, and deny the allegation that Stephanie Bernadel and Lenzo Cuiman are employed by municipal defendants or that they are members of municipal defendants' Labor Relations staff.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Second Amended Complaint, except deny the allegation that municipal defendants discharged plaintiff.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Second Amended Complaint, except deny the allegation that municipal defendants fought (unsuccessfully) plaintiff's claim for unemployment

compensation or that municipal defendants sought to prevent plaintiff from obtaining a similar position elsewhere.

58.    Deny the allegations set forth in paragraph "58" of the Second Amended Complaint.

59.    In response to paragraph "59" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "58" of the Second Amended Complaint as if fully set forth herein.

60.    Paragraph "60" of the Second Amended Complaint asserts a legal conclusion for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph "60" of the Second Amended Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

61.    Deny the allegations set forth in paragraph "61" of the Second Amended Complaint.

62.    Deny the allegations set forth in paragraph "62" of the Second Amended Complaint.

63.    Deny the allegations set forth in paragraph "63" of the Second Amended Complaint.

64.    In response to paragraph "64" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "63" of the Second Amended Complaint as if fully set forth herein.

65.    Paragraph "65" of the Second Amended Complaint asserts a legal conclusion for which no response is required.  To the extent a response is required, deny the

allegations set forth in paragraph "65" of the Second Amended Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

66.    Deny the allegations set forth in paragraph "66" of the Second Amended Complaint.

67.    Deny the allegations set forth in paragraph "67" of the Second Amended Complaint.

68.    Deny the allegations set forth in paragraph "68" of the Second Amended Complaint.

69.    In response to paragraph "69" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "68" of the Second Amended Complaint as if fully set forth herein.

70.    Deny the allegations set forth in paragraph "70" of the Second Amended Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents

71.    Deny the allegations set forth in paragraph "71" of the Second Amended Complaint.

72.    Deny the allegations set forth in paragraph "72" of the Second Amended Complaint.

73.    In response to paragraph "73" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "72" of the Second Amended Complaint as if fully set forth herein.

74.    Deny the allegations set forth in paragraph "74" of the Second Amended Complaint.

75.    Deny the allegations set forth in paragraph "75" of the Second Amended Complaint.

76.    In response to paragraph "76" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "75" of the Second Amended Complaint as if fully set forth herein.

77.    Deny the allegations set forth in paragraph "77" of the Second Amended Complaint.

78.    Deny the allegations set forth in paragraph "78" of the Second Amended Complaint.

79.    In response to paragraph "79" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "79" of the Second Amended Complaint as if fully set forth herein.

80.    Deny the allegations set forth in paragraph "80" of the Second Amended Complaint.

81.    Deny the allegations set forth in paragraph "81" of the Second Amended Complaint.

82.    In response to paragraph "82" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "81" of the Second Amended Complaint as if fully set forth herein

83.    Deny the allegations set forth in paragraph "83" of the Second Amended Complaint.

84.    Deny the allegations set forth in paragraph "84" of the Second Amended Complaint.

85.     In response to paragraph "85" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "84" of the Second Amended Complaint as if fully set forth herein.

86.     Deny the allegations set forth in paragraph "86" of the Second Amended Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Second Amended Complaint.

88.     Paragraph "88" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required.

89.     Paragraph "89" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required.

90.     Paragraph "90" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required

91.     Paragraph "91" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required.

92.     Paragraph "92" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required.

93.     Paragraph "93" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required

94.     Paragraph "94" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required.

95.     Paragraph "95" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required.

96.    Paragraph "96" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required.

97.    Paragraph "97" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required.

98.    Paragraph "98" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required.

99.    Paragraph "99" of the Second Amended Complaint is not directed to the municipal defendants.  Accordingly, no response is required.

100.    In response to paragraph "100" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "99" of the Second Amended Complaint as if fully set forth herein.

101.    Deny the allegations set forth in paragraph "101" of the Second Amended Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Second Amended Complaint.

103.    In response to paragraph "103" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "102" of the Second Amended Complaint as if fully set forth herein.

104.    Deny the allegations set forth in paragraph "104" of the Second Amended Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Second Amended Complaint.

106.    In response to paragraph "106" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "105" of the Second Amended Complaint as if fully set forth herein.

107.    Deny the allegations set forth in paragraph "107" of the Second Amended Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Second Amended Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Second Amended Complaint.

110.    In response to paragraph "110" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "109" of the Second Amended Complaint as if fully set forth herein.

111.    Deny the allegations set forth in paragraph "111" of the Second Amended Complaint.

112.    Deny the allegations set forth in paragraph "105" of the Second Amended Complaint.

113.    Deny the allegation set forth in paragraph "113" of the Second Amended Complaint.

114.    In response to paragraph "114" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "113" of the Second Amended Complaint as if fully set forth herein.

115.    Deny the allegations set forth in paragraph "115" of the Second Amended Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Second Amended Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Second Amended Complaint.

118.    In response to paragraph "118" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "117" of the Second Amended Complaint as if fully set forth herein.

119.    Deny the allegations set forth in paragraph "119" of the Second Amended Complaint.

120.    Deny the allegations set forth in paragraph "120" of the Second Amended Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Second Amended Complaint.

122.    In response to paragraph "122" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "121" of the Second Amended Complaint as if fully set forth herein.

123.    Deny the allegations set forth in paragraph "123" of the Second Amended Complaint.

124.    Deny the allegations set forth in paragraph "124" of the Second Amended Complaint.

125.    Deny the allegations set forth in paragraph "125" of the Second Amended Complaint.

126.    In response to paragraph "126" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "125" of the Second Amended Complaint as if fully set forth herein.

127.    Deny the allegations set forth in paragraph "127" of the Second Amended Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Second Amended Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Second Amended Complaint.

130.    In response to paragraph "130" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "130" of the Second Amended Complaint as if fully set forth herein.

131.    Deny the allegations set forth in paragraph "131" of the Second Amended Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Second Amended Complaint.

133.    Deny the allegations set forth in paragraph "133" of the Second Amended Complaint.

134.    In response to paragraph "134" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "133" of the Second Amended Complaint as if fully set forth herein.

135.    Deny the allegations set forth in paragraph "135" of the Second Amended Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Second Amended Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Second Amended Complaint.

138.    In response to paragraph "138" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "137" of the Second Amended Complaint as if fully set forth herein.

139.    Deny the allegations set forth in paragraph "139" of the Second Amended Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Second Amended Complaint.

141.    In response to paragraph "141" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "142" of the Second Amended Complaint as if fully set forth herein.

142.    Deny the allegations set forth in paragraph "142" of the Second Amended Complaint.

143.    Deny the allegations set forth in paragraph "143" of the Second Amended Complaint.

144.    In response to paragraph "144" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "143" of the Second Amended Complaint as if fully set forth herein.

145.    Deny the allegations set forth in paragraph "145" of the Second Amended Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Second Amended Complaint.

147.    In response to paragraph "147" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "146" of the Second Amended Complaint as if fully set forth herein.

148.    Deny the allegations set forth in paragraph "148" of the Second Amended Complaint.

149.    Deny the allegations set forth in paragraph "149" of the Second Amended Complaint.

150.    In response to paragraph "150" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "149" of the Second Amended Complaint as if fully set forth herein.

151.    Deny the allegations set forth in paragraph "151" of the Second Amended Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Second Amended Complaint.

153.    In response to paragraph "153" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "152" of the Second Amended Complaint as if fully set forth herein.

154.    Deny the allegations set forth in paragraph "154" of the Second Amended Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Second Amended Complaint.

156.    In response to paragraph "156" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "155" of the Second Amended Complaint as if fully set forth herein.

157.    Deny the allegations set forth in paragraph "157" of the Second Amended Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Second Amended Complaint.

159.    In response to paragraph "159" of the Second Amended Complaint, municipal defendants hereby repeat and reallege their responses to paragraphs "1" through "121" of the Second Amended Complaint as if fully set forth herein.

160.    Deny the allegations set forth in paragraph "123" of the Second Amended Complaint.

161.    Deny the allegations set forth in paragraph "161" of the Second Amended Complaint.

**FOR A FIRST DEFENSE, MUNICIPAL DEFENDANTS RESPECTFULLY ALLEGE:**

162.    The Second Amended Complaint fails to state a claim upon which relief can be granted in whole or in part.

**FOR A SECOND DEFENSE, MUNICIPAL DEFENDANTS RESPECTFULLY ALLEGE:**

163.    KCHC is not a suable entity and thus the claims against it must be dismissed.

**FOR A THIRD DEFENSE, MUNICIPAL DEFENDANTS RESPECTFULLY ALLEGE:**

164.    To the extent plaintiff is alleging claims in the Second Amended Complaint under Title VII which accrued more than 300 days prior to plaintiff's filing of a charge of discrimination with the EEOC, those claims are time-barred.

**FOR A FOURTH DEFENSE, MUNICIPAL DEFENDANTS RESPECTFULLY ALLEGE:**

165.    This Court lacks subject matter jurisdiction over Municipal Defendants since Municipal Defendants are not plaintiff's employer under the statutes relied upon by plaintiff.

**FOR A FIFTH DEFENSE, MUNICIPAL DEFENDANTS RESPECTFULLY ALLEGE:**

166.    Municipal Defendants had no control over the terms and conditions of plaintiff's employment.

**FOR A SIXTH DEFENSE, MUNICIPAL DEFENDANTS RESPECTFULLY ALLEGE:**

167.    Any Title VII claims set forth in the Second Amended Complaint that were not also contained in plaintiff's charge of discrimination filed with the EEOC must be dismissed for failure to exhaust administrative remedies.

**FOR A SEVENTH DEFENSE, MUNICIPAL DEFENDANTS RESPECTFULLY ALLEGE:**

168.    Any claims under § 1983 that accrued more than three years prior to the commencement of this action are time-barred.

**FOR AN EIGHTH DEFENSE, MUNICIPAL
DEFENDANTS RESPECTFULLY ALLEGE:**

169.    The Second Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**FOR A NINTH DEFENSE, MUNICIPAL
DEFENDANTS RESPECTFULLY ALLEGE:**

170.    To the extent that plaintiff complains about any actions alleged to have been taken by Municipal Defendants, there were legitimate, non-discriminatory, non-retaliatory business reasons for any and all of such actions.

**FOR A TENTH DEFENSE, MUNICIPAL
DEFENDANTS RESPECTFULLY ALLEGE:**

171.    The conduct complained consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences.

**FOR AN ELEVENTH DEFENSE, MUNICIPAL
DEFENDANTS RESPECTFULLY ALLEGE:**

172.    Upon information and belief, plaintiff's claims for front and/or back pay are barred by his failure to mitigate damages.

**WHEREFORE,** Municipal Defendants respectfully request that this Court enter an order dismissing the Second Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated:          New York, New York
                February 3, 2016

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
Attorney for Municipal Defendants
100 Church Street, Room 2-185
New York, New York 10007
(212) 356-3177
tblocker@law.nyc.gov


By:      /s/ Tanya N. Blocker
         Tanya N. Blocker
         Assistant Corporation Counsel


TO:      Eric M. Nelson (by ECF)
         Attorney for Plaintiff

         Christopher Vance Coulston (by ECF)
         Assistant Attorney General
         Attorney for Defendants SUNY Downstate, Reede and Pulitzer

15 Civ. 2343 (PKC) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ODED GREENBERG, M.D.,

Plaintiff,

-against-

STATE UNIVERSITY HOSPITAL-DOWNSTATE
MEDICAL CENTER a/k/a THE STATE UNIVERSITY
OF NEW YORK HEALTH SCIENCE CENTER AT
BROOKLYN a/k/a SUNY DOWNSTATE MEDICAL
CENTER, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, KINGS COUNTY
HOSPITAL CENTER, DEBORAH L. REEDE,
STEVEN PULITZER, and JOHN and JANE DOES
1-20,),

Defendants.

**MUNICIPAL DEFENDANTS' ANSWER TO THE
SECOND AMENDED COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Municipal Defendants*
*100 Church Street, Room 2-185*
*New York, New York 10007*

*Of Counsel:  Tanya N. Blocker*
*Tel.:  (212) 356-3177*
*Matter No.: 2015 - 047890*

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................................... , 2016*

*.................................................................... Esq.*

*Attorney for ......................................................*