UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ODED GREENBERG, M.D.,

Plaintiff,

-against-

STATE UNIVERSITY HOSPITAL-DOWNSTATE
MEDICAL CENTER a/k/a THE STATE UNIVERSITY
OF NEW YORK HEALTH SCIENCE CENTER AT
BROOKLYN a/k/a SUNY DOWNSTATE MEDICAL
CENTER, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, KINGS COUNTY
HOSPITAL CENTER, DEBORAH L. REEDE, STEVEN
PULITZER, and JOHN and JANE DOES
1-20,),

Defendants.
------------------------------------------------------------------------- x

**MUNICIPAL DEFENDANTS'
FIRST SET OF COMBINED
INTERROGATORIES AND
REQUEST FOR THE
PRODUCTION OF
DOCUMENTS**

15 Civ. 2343 (PKC) (VMS)

**PLEASE TAKE NOTICE** that, pursuant to Rules 26, 33 and 34 of the Federal

Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Eastern

District of New York, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION

("H+H") AND KINGS COUNTY HOSPITAL CENTER ("KCHC"), (collectively "Municipal

Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New

York, hereby demand that, within thirty (30) days of service of these interrogatories and requests

for the production of documents, Plaintiff serve upon the undersigned, separate and complete

answers, sworn to under oath, to each of the following interrogatories and provide copies of all

documents described below at the Office of the Corporation Counsel of the City of New York,

100 Church Street, New York, New York.

## <u>INTERROGATORIES</u>

1.      Identify each individual with knowledge of the conduct to which Defendant Deborah Reede would "excuse[]" Dr. Waite from formal discipline "which, had it been committed by a White, Jewish and/or older physician, would have prompted formal discipline," as alleged in Paragraph "19" of the Second Amended Complaint.

2.      Identify each individual whom Plaintiff contends knew of Defendant Reede's: 1) "campaign [] to materially alter, both racially and religiously, the composition of the Radiology Department at to make it younger"; and 2) "disparag[ing] and/or sterotyp[ical] [statements of] Jews, cast[ing] them in a negative light, or otherwise [making] clear her plan and obvious bias against them," as alleged in Paragraph 21 of the Second Amended Complaint.

3.      Identify each individual whom Plaintiff contends knew Defendant Reede to:  1) make "bias" remarks, such as "you people" and "those people" when referring to Orthodox Jewish physicians; 2) express openly her displeasure "that [Jewish physicians], on their lunch hour, would meet on department premises for midday religious prayers"; and 3) "direct[] that, [moving forward], said physicians would not be permitted to meet during the workday anywhere on department premises, to pray," as alleged in Paragraph 22 of the Second Amended Complaint.

4.      Identify each individual whom Plaintiff contends heard Defendant Reede refer to Jewish physicians as "birds of a feather," state to "White, Jewish physicians," that "Martin Luther King Jr. Day, [is] Blacks' holiday," and "express a dislike for white (Caucasian) people generally, as well as for, particularly, how many Whites were (then) employed in [the radiology] department," as alleged in Paragraph "23" of the Second Amended Complaint.

5.      Identify all individuals who originated, attended, and participated in the July 22, 2014, meeting and the purpose for said meeting, as alleged in Paragraph 27 of the Second Amended Complaint.

6.      Identify all individuals, specifically at KCHC, to whom Plaintiff informed on August 29, 2014 of "his emergent need for leave to care for [Plaintiff's] son" on September 4 and 5, 2014, and to whom Plaintiff inquired as to "what the proper steps were for obtaining leave" and their responses, as alleged in Paragraph 30 of the Second Amended Complaint.

7.      Identify which one of the Defendants Plaintiff contends sent "Plaintiff a letter (the September 4 letter")directing him to come to their Labor Relations office," as alleged in Paragraph 37 of the Second Amended Complaint.

8.      Identify to whom Plaintiff "first notified [] at his work location—the KCHC ER 'reading room'—that he would be late" for work on September 8, 2014, as alleged in Paragraph 40 of the Second Amended Complaint.

9.      Identify all individuals that attended the "September 8 meeting," as alleged in paragraph 42 of the Second Amended Complaint.

10.     Identify which one of the Defendants Plaintiff contends sent him a letter on or about October 3, 2014, "directing him to report to Labor Relations," and identify which one of the Defendants' Labor Relation department he was directed to report to, as alleged in Paragraph 49 of the Second Amended Complaint.

11.     Identify all individuals that attended the October 10, 2014 meeting, as alleged in paragraph 52 of the Second Amended Complaint.

12.     Identify all individuals that attended the October 20, 2014 meeting, and which one of the Defendants Plaintiff "reiterated his intent to pursue a claim of discrimination" to, as alleged in Paragraph 55 of the Second Amended Complaint.

13.     Identify to whom, specifically at KCHC, Plaintiff directed his request for Family Medical Leave Act ("FMLA") leave and, if different, identify the individual(s) who denied Plaintiff's request for FMLA leave, as alleged in Paragraph 61 of the Second Amended Complaint.

14.     Identify each individual, specifically at KCHC, to whom Plaintiff "protest[ed] their denial of his leave," as alleged in Paragraph 70 of the Second Amended Complaint.

15.     Identify all individuals, specifically in H+H's Equal Employment Opportunity office, to whom Plaintiff complained about the Defendants actions, as alleged in Paragraph 58 of the Second Amended Complaint.

16.     Identify every person who has knowledge or information concerning Plaintiff's claim that Municipal Defendants maintained a policy, pattern and/or practice of discrimination and/or retaliation against White, Jewish males, in connection with Plaintiff's claims as alleged in Paragraphs 101 and 104 of the Second Amended Complaint.

17.     Identify each person Plaintiff, or Plaintiff's agents or persons working on Plaintiff's behalf, consulted with who holds him/herself out to be an expert or consultant in any field, including any medical, psychological, or related field, or an economics damage calculation concerning any issues in this case.

18.    Does Plaintiff expect to call any person as an expert witness at trial?  If so, for each expert witness provide the information, document(s) and report(s) required by Federal Rule of Civil Procedure 26(a)(2).

19.    Does Plaintiff claim to have suffered any of the following damages, as a result of the alleged discrimination by Municipal Defendants: humiliation, psychological suffering, psychological injury, emotional injury, emotional suffering, mental suffering, or any other type of emotional distress damages (hereinafter referred to as "emotional distress damages")?

20.    If the answer to the preceding Interrogatory is yes, state:

(a) The acts, actions or omissions of Municipal Defendants or their agents that gave rise to such damages;

(b) the monetary amount of such damages; and

(c) the method or methods by which Plaintiff arrived at that amount.

21.    State in detail each and every financial expense or loss, other than emotional distress damages, allegedly incurred by Plaintiff as a result of the acts or omissions of Municipal Defendants:

(a)  type of damages;

(b)  the amount;

(c)  the date incurred; and

(d)  the amount of similar estimated future expenses or losses, if any.

22.    Itemize in specific detail the mathematical basis for the total amount of damages Plaintiff claims, stating how Plaintiff arrived at this figure, whether Plaintiff used a mathematical per diem or per week or per month figure in calculating any component of

damages and, if so, the figure used and for what period, the length of time for which damages are claimed, and the amount of damages claimed.

23.    Identify by name and provide the address of any physician(s) or health care professional(s), including mental health professional(s), chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind who has(have) evaluated, counseled, or treated Plaintiff for any injuries or damages, including emotional distress damages, allegedly caused by the acts or omissions of Municipal Defendants, their agents, or employees.

24.    Identify any physician(s) or health care professional(s), including mental health professional(s), chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind who has(have) evaluated, counseled, or treated Plaintiff from 2010 until the present.

25.    For each person identified in response to the preceding two interrogatories, provide authorizations sufficient to enable Municipal Defendants to obtain the records or documents connected with such counseling, evaluation, examination or treatment. Copies of sufficient authorizations are annexed hereto as Appendix A (for Plaintiff's medical records) and Appendix B (for any psychiatric, psychotherapy or psychological counseling/treatment Plaintiff received).

## DOCUMENT REQUESTS

1.    Provide a copy of each document identified in responding to Municipal Defendants' First Set of Interrogatories.

2.    Provide a copy of each document identified in the Second Amended Complaint in this action.

6

3.      Provide copies of all documents concerning Plaintiff's allegation that he was discriminated and/or retaliated against because of his race, religion and/or age.

4.      Provide copies of any documents or records, including e-mails, which demonstrate that Plaintiff requested Family Medical Leave Act ("FMLA") leave for September 4 and 5, 2014, to care for his son, as alleged in Paragraphs 30 and 61 of the Second Amended Complaint.

5.      Provide copies of any documents or records concerning the circumstances surrounding Plaintiff's alleged request for FMLA leave on September 4 and 5, 2014, including, but not limited to, documents supporting the purpose for said leave in connection with the care of Plaintiff's son, as alleged in Paragraph 30 of the Second Amended Complaint.

6.      Provide copies of any documents or records that demonstrate Defendants, specifically Municipal Defendants, denied Plaintiff's "request for [FMLA] leave on September 4 and 5," as alleged in Paragraph 33 of the Complaint.

7.      Provide a copy of the email in which "Plaintiff again reiterated his need for family leave," as alleged in Paragraph 35 of the Second Amended Complaint.

8.      Provide a copy of the "September 4 letter" referenced in Paragraph 37 of the Second Amended Complaint.

9.      Provide copies of any documents or records concerning the incident in which Plaintiff injured his back on September 4 and his visit to "urgent care" on September 8, 2014 in connection with same, as alleged in Paragraphs 36 and 40 of the Second Amended Complaint.

10.     Provide a copy of the "Extorted Agreement," as referenced in Paragraph 46 of the Second Amended Complaint.

11.     Provide a copy of the "October 3 letter" referenced in Paragraph 49 of the Second Amended Complaint.

12.     Provide copies of any and all documents or records concerning the "October 10 meeting," as alleged in Paragraph 52 of the Second Amended Complaint.

13.     Provide copies of all documents concerning Plaintiff's allegation that he was discriminated/retaliated against for taking leave pursuant to the FMLA.

14.     Provide copies of all documents concerning Plaintiff's allegation that he was denied FMLA leave requested "for which he was eligible and [] entitled" pursuant to "Section 105 of the FMLA, 29 U.S.C. § 2615," as alleged in Paragraph 61 of the Second Amended Complaint.

15.     Provide copies of all documents concerning Plaintiff's allegation that he was discharged for exercising his FMLA leave rights, as alleged in Paragraph 70 of the Second Amended Complaint.

16.     Provide copies of all documents concerning Plaintiff's allegation that he was discriminated against because of his race, age, and/or religion, as alleged in Paragraph 58 of the Second Amended Complaint,

17.     Provide copies of all documents concerning Plaintiff's allegation that he was denied a promotion and/or reappointment as the Director of ER Radiology at KCHC on the bases of his race, age, and/or religion.

18.     Provide copies of any documents, including emails, that demonstrate that any punitive conduct alleged "were taken against Plaintiff on the basis of his race [and/or] religion and consisted discrimination against him on the basis thereof with respect to [Plaintiff's] compensation, terms, condition and privileges of employment, in violation of Title VII of the

8

Civil Rights Act of 1964 and 1991," as alleged in Paragraphs 74, 77, 80, 83 the Second Amended Complaint.

19.    Provide copies of any documents demonstrating that any punitive conduct alleged, including, but not limited to, Plaintiff's discharge was in retaliation for Plaintiff "complaining [] and openly contemplating pursuit of his rights at the EEOC" and "oppos[ing] and/or object[ing] Defendants' various unlawful employment practices," as alleged in Paragraphs 58 and 86 of the Second Amended Complaint.

20.    Provide a copy of each and every complaint or grievance filed by Plaintiff, or on behalf of Plaintiff, in relation to this matter.

21.    Provide a copy of any and all complaints of discrimination or retaliation, including, but not limited to, complaints to Municipal Defendants' Office of Equal Employment Opportunity, filed by Plaintiff, or on behalf of Plaintiff, in relation to this matter, as well as any documents submitted by Plaintiff in support of those complaints.

22.    Provide a copy of any and all external administrative complaints of discrimination (i.e. State Division of Human Rights, City Commission on Human Rights, Equal Employment Opportunity Commission, etc.) filed by Plaintiff, or on behalf of Plaintiff, in relation to this matter, as well as any documents submitted by Plaintiff in support of those complaints and any documents received by Plaintiff from any of those offices in connection with the charges/complaints filed by Plaintiff.

23.    Provide copies of all documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, documents/files stored electronically (including text messages) or other writings that Plaintiff authored or is otherwise in possession of, concerning or relating to Plaintiff's claims in this action, including the claims for damages and

mental suffering, and documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, documents/files stored electronically or other writings that Plaintiff made or is otherwise in possession of, concerning any in-person or telephone conversations that Plaintiff had with Municipal Defendants, or their agents or employees, concerning Plaintiff's allegations in the Second Amended Complaint and his claims for damages.

24.     Provide a copy of all documents that refer, relate to, or reflect each and every one of Plaintiff's claims, if any, for emotional distress damages.

25.     Provide a copy of all documents, if any, that refer, relate to, or reflect each and every one of Plaintiff's claims, if any, for damages other than emotional distress damages.

26.     Provide a copy of Plaintiff's federal and state income tax returns and supporting documents for calendar years 2014 to the present.

27.     Provide copies of all documents identified in the papers concerning this matter, which Plaintiff filed with the Court and/or served on Municipal Defendants, including Plaintiff's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

Dated:        New York, New York
              March 11, 2016

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Municipal Defendants
100 Church Street, Room 2-185
New York, New York 10007
(212) 356-3177
tblocker@law.nyc.gov

By:            /s/
              Tanya N. Blocker
              Assistant Corporation Counsel

To:    Eric Nelson, Esq. (by first class mail and email: emnlegal@gmail.com)
       Attorney for Plaintiff
       112 Madison Avenue, Sixth Fl.
       New York, N.Y. 10016
       Tel. (212) 416-8556

       Christopher Vance Coulston (by first class mail and email
       christopher.couldton@ag.ny.gov)
       Assistant Attorney General
       Attorney for Defendants SUNY Downstate, Reede and Pulitzer
       120 Broadway, 24th Fl.
       New York, N.Y. 10271
       Tel: (212) 356-3177

# APPENDIX A

APPENDIX A [Medical Records]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ODED GREENBERG, M.D.,

                                   Plaintiff,

                       -against-

STATE UNIVERSITY HOSPITAL-DOWNSTATE
MEDICAL CENTER a/k/a THE STATE UNIVERSITY
OF NEW YORK HEALTH SCIENCE CENTER AT
BROOKLYN a/k/a SUNY DOWNSTATE MEDICAL
CENTER, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, KINGS COUNTY
HOSPITAL CENTER, DEBORAH L. REEDE, STEVEN
PULITZER, and JOHN and JANE DOES
1-20,),

                                    Defendants.

------------------------------------------------------------------------- x

**RELEASE AND AUTHORIZATION**

15 Civ. 2343 (PKC) (VMS)

TO:    Hospital/Clinic/Physician/Other:_____

        **YOU ARE HEREBY AUTHORIZED**, at my request in connection with the above captioned case, to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the Municipal Defendants in the above captioned case, or to his authorized representative, a copy of the entire medical or hospital records of ODED GREENBERG, M.D., DOB September 18, 1959, SSN 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, who was evaluated, examined or treated by you or in your office, hospital or facility; and

        **YOU ARE FURTHER AUTHORIZED**, at my request in connection with the above captioned case, to permit the said attorney, her authorized representative or a duly licensed doctor or medical professional designated by said attorney to examine any and all x-rays of said person and any and all evaluation records, diagnostic tests, studies, or examinations relating to such person.

I understand that I may revoke this authorization in writing at any time, provided that I do so in writing, except to the extent that action has been taken in reliance upon this authorization. Unless revoked earlier, this authorization will expire upon the issuance of a final judgment in the above captioned case or after all appeals have been exhausted, whichever event occurs later.

I further understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits from the health care provider identified above.

I further understand that if my records contain confidential HIV-related information, this information will be released pursuant to this authorization form (this includes any information indicating that I have had an HIV-related test, or have HIV infection, HIV-related illness or AIDS, or any information which could indicated that I have been potentially exposed to HIV.

I further understand that the information and documents authorized to be disclosed pursuant to this release and authorization may be re-disclosed and no longer protected by the federal regulations governing Privacy of Individually Identifiable Health Information. However, the recipient may be prohibited from disclosing HIV-related information under applicable federal and state law.

_____
ODED GREENBERG

STATE OF NEW YORK, COUNTY OF _____, ss:

On the _____ day of _____, 2016, before me personally came and appeared Oded Greenberg to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

2

# APPENDIX B

APPENDIX B [Psychotherapy/Psychiatric Records]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ODED GREENBERG, M.D.,

                                 Plaintiff,

                        -against-

STATE UNIVERSITY HOSPITAL-DOWNSTATE
MEDICAL CENTER a/k/a THE STATE UNIVERSITY
OF NEW YORK HEALTH SCIENCE CENTER AT
BROOKLYN a/k/a SUNY DOWNSTATE MEDICAL
CENTER, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, KINGS COUNTY
HOSPITAL CENTER, DEBORAH L. REEDE, STEVEN
PULITZER, and JOHN and JANE DOES
1-20,),

                                 Defendants.
------------------------------------------------------------------------ x

**RELEASE AND AUTHORIZATION**

15 Civ. 2343 (PKC) (VMS)

TO:    Hospital/Clinic/Physician/Other:_____

        **YOU ARE HEREBY AUTHORIZED,** at my request in connection with the above captioned case, to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the Municipal Defendants in the above captioned case, or to his authorized representative, a copy of the entire counseling or psychotherapy/psychiatric record of Oded Greenberg, DOB September 18, 1959, SSN 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 , who was counseled, evaluated, examined or treated by you or in your office, hospital or facility; and

        **YOU ARE FURTHER AUTHORIZED,** at my request in connection with the above captioned case, to permit the said attorney, her authorized representative or a duly licensed doctor or medical professional designated by said attorney to examine any and all counseling, psychotherapy/psychiatric notes, evaluation records, diagnostic tests, studies, or examinations relating to such person.

I understand that I may revoke this authorization in writing at any time, provided that I do so in writing, except to the extent that action has been taken in reliance upon this authorization. Unless revoked earlier, this authorization will expire upon the issuance of a final judgment in the above captioned case or after all appeals have been exhausted, whichever event occurs later.

I further understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits from the health care provider identified above.

I further understand that if my records contain confidential HIV-related information, this information will be released pursuant to this authorization form (this includes any information indicating that I have had an HIV-related test, or have HIV infection, HIV-related illness or AIDS, or any information which could indicated that I have been potentially exposed to HIV.

I further understand that the information and documents authorized to be disclosed pursuant to this release and authorization may be re-disclosed and no longer protected by the federal regulations governing Privacy of Individually Identifiable Health Information. However, the recipient may be prohibited from disclosing HIV-related information under applicable federal and state law.

_____
ODED GREENBERG

STATE OF NEW YORK, COUNTY OF _____, ss:

On the _____ day of _____, 2016, before me personally came and appeared Oded Greenberg to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

2

15 Civ. 2343 (PKC) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ODED GREENBERG, M.D.,

                                                           Plaintiff,

                            -against-

STATE UNIVERSITY HOSPITAL-DOWNSTATE
MEDICAL CENTER a/k/a THE STATE UNIVERSITY OF NEW
YORK HEALTH SCIENCE CENTER AT BROOKLYN a/k/a
SUNY DOWNSTATE MEDICAL CENTER, NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, KINGS
COUNTY HOSPITAL CENTER, DEBORAH L. REEDE,
STEVEN PULITZER, and JOHN and JANE DOES
1-20,),

                                                           Defendants.

**MUNICIPAL DEFENDANTS' FIRST SET OF COMBINED
INTERROGATORIES AND REQUEST FOR THE
PRODUCTION OF DOCUMENTS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Municipal Defendants*
*100 Church Street, Room 2-185*
*New York, New York 10007*

*Of Counsel:  Tanya N. Blocker*
*Tel:  (212) 356-3177*
*Matter No.:  2015-47890*

*Due and timely service is hereby admitted.*

*New York, N.Y.   ................................................................, 2016.*

*...........................................................................................*

*Attorney for ........................................................................*