

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**RYAN G. SHAFFER**
Phone: (212) 356-5037
Fax: (212) 356-3509
Email: rshaffer@law.nyc.gov

November 17, 2017

<u>**VIA ECF**</u>
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  <u>Oded Greenberg, M.D., v. State University Hospital, et al.,</u>
> 15-CV-2343 (PKC)(VMS)

Your Honor:

I am Senior Counsel in the Labor and Employment Law Division of the New York City Law Department, and attorney for Defendants New York City Health and Hospitals Corporation ("HHC") and Kings County Hospital Center ("KCHC") (collectively "City Defendants"). I write in advance of the pre-motion conference presently scheduled for January 11, 2018, to discuss City Defendants' motion for summary judgment.

## I.    BACKGROUND

Plaintiff, a physician employed by Defendant State University Hospital-Downstate Medical Center ("SUNY Downstate") and assigned under an affiliation agreement to HHC's Kings County Hospital Center as an attending physician in KCHC's emergency room, commenced this action on October 23, 2015, after his discharge on October 22, 2014. Plaintiff alleges that the "Employer Defendants" terminated his services for reasons predicated on his race (Caucasian), religion (Jewish), and/or age in violation of the following statutes: § 1981, § 1983, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the SHRL and CHRL. Plaintiff further alleges that "Employer Defendants" retaliated against him for expressing his intent to file a complaint with the EEOC concerning the above claimed discrimination, and for his use of leave pursuant to the 29 U.S.C. §§ 2601 *et. seq.*, Family Medical Leave Act ("FMLA") to care for his son.

**II.    LEGAL ANALYSIS**

**1.    Kings County Hospital Center is Not a Suable Entity.**

As an initial matter, Plaintiff's Second Amended Complaint improperly names KCHC as a defendant. However, as a matter of law, KCHC may not be sued in its independent capacity. See <u>Ochei v. Coler/Goldwater Mem'l Hosp.</u>, 450 F. Supp. 2d 275, 287-88 (S.D.N.Y. 2006); <u>Ayala v. Bellevue Hosp.</u>, 1999 U.S. Dist. LEXIS 12982 (S.D.N.Y. Aug. 19, 1999). Rather, KCHC is a facility belonging to HHC. By statute, HHC has the capacity to be sued. *See* N.Y. Unconsol. Laws § 7385(1) (McKinney 1979). However, since KCHC is merely a facility within the HHC, it lacks the capacity to be sued. *See* <u>Davis v. City of New York</u>, 1998 U.S. Dist. LEXIS 668 at *2, (S.D.N.Y. Jan. 26, 1998). Accordingly, all claims against KCHC must be dismissed.

**2.    Plaintiff Was Not an Employee of Defendant HHC for Purposes of Title VII, the Family Medical Leave Act, §1981, 1983, or the New York State and City Human Rights Laws**.

In order to hold Defendants HHC and KCHC liable under any of the statutes he claims were violated, Plaintiff must first establish that he was an HHC employee. Plaintiff seeks to do so by arguing that HHC and KCHC were joint employers with Defendant State University of New York, SUNY Downstate Medical Center ("SUNY").  However, because HHC did not have the power to cause Plaintiff's termination, only to request that he be moved, it cannot be considered Plaintiff's employer, jointly or otherwise.

A determination that a third-party entity is acting as a joint employer requires "sufficient evidence of immediate control over the employees." <u>Clinton's Ditch Co-op Co. v. NLRB</u>, 778 F.2d 132, 138 (2d Cir. 1985). The Second Circuit has identified five factors that bear on the "immediate control" inquiry: "whether the alleged joint employer (1) did the hiring and firing; (2) directly administered any disciplinary procedures; (3) maintained records of hours, handled payroll, or provided insurance; (4) directly supervised the employees; or (5) participated in the collective bargaining process." <u>Id</u>. at 138-139. However, "[a]n entity that has the power to request that an employee be moved but not to cause her to be terminated is not a joint employer." <u>Liotard v. FedEx Freight Corp.</u>, 14 Civ. 2083 (NSR), 2016 U.S. Dist. LEXIS 34754 at *15, (S.D.N.Y. Mar. 17, 2016), citing <u>Conde v. Sisley Cosmetics USA, Inc.</u>, 11 Civ. 4010 (RJS), 2012 U.S. Dist. LEXIS 72726 (S.D.N.Y. May 23, 2012).

Although many of the <u>Clinton's Ditch</u> factors collectively weigh against a finding that Defendant HHC is a joint employer with SUNY, and thereby warrant dismissal of HHC as a defendant, dismissal likewise is justified because HHC lacked the power to terminate Plaintiff. Instead, pursuant to the affiliation agreement between Defendants HHC and SUNY, HHC could only request that SUNY no longer assign Plaintiff to KCHC. Notably, HHC did not make any such request, and, even if it had, the only Defendant with the authority to terminate Plaintiff was SUNY. Accordingly, because HHC and KCHC were not Plaintiff's employer, jointly or otherwise, all of the claims against them must be dismissed.

**3.**        **Even if HHC is Deemed a Joint-Employer, Plaintiff's Discrimination Claims Fail Because the Circumstances Surrounding His Termination Do Not Give Rise to an Inference of Discrimination.**

Plaintiff's Title VII claims must be analyzed using the burden-shifting framework established by <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under this framework, to defeat a motion for summary judgment, Plaintiff must first establish a *prima facie* case of discrimination. <u>Id</u>., at 802. A plaintiff establishes a *prima facie* case by showing (1) membership in a protected class; (2) qualification for the job; (3) an adverse employment action; and (4) circumstances surrounding the adverse employment action that give rise to an inference of discrimination. <u>Id</u>. If Plaintiff establishes a *prima facie* case, a rebuttable presumption of discrimination arises, and the burden shifts to Defendants to set forth a legitimate, non-discriminatory justification for its adverse employment action against Plaintiff. <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 506-07 (1993). Plaintiff then must offer evidence that the Defendants' purported reason is a mere pretext for unlawful discrimination. <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 42 (2d Cir. 2000).

In this instance, Plaintiff's termination does not give rise to an inference of discrimination. The undisputed facts establish that Plaintiff had serious performance problems concerning maintenance of patient records and time-keeping issues. Plaintiff's termination – effected by SUNY – arose out of his failure to correct his performance problems despite multiple opportunities to do so. Even drawing all inferences in Plaintiff's favor, the undisputed evidence establishes that Plaintiff was not performing his job satisfactorily. For these same reasons, even if the Court were to find that an inference of discrimination could be drawn, Plaintiff's performance issues qualify as legitimate non-discriminatory reasons to terminate him. Finally, Plaintiff cannot establish that any of the reasons that gave rise to his termination were pre-textual as any attempt to do so would consist of conclusory allegations unsupported by evidence.[1]

                                      Sincerely,

                                        /s/
                                    Ryan G. Shaffer
                                    Assistant Corporation Counsel

cc:     Chad Egar, Esq. (By ECF)
        *Attorney for Plaintiff*

        Christopher Coulston, Esq. (By ECF)
        *Attorney for Defendants SUNY, Reede & Pulitzer*

---

[1] It should be noted, moreover, that Plaintiff fails to state a claim against HHC for, among other things, retaliation under the FMLA, where HHC, as the record makes clear, held no control over the terms and conditions of Plaintiff's employment, including for time and leave.