UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ODED GREENBERG, M.D.,

                Plaintiff,

      -against-

STATE UNIVERSITY HOSPITAL *et al.*,

                Defendants.

-----------------------------------------------------------------------X

15 CV 2343 (PKC/VMS)

**PLAINTIFF'S RESPONSES TO MUNICIPAL DEFENDANTS' FIRST SET OF CONTENTION INTERROGATORIES**

Plaintiff Oded Greenberg, M.D. ("Greenberg" or "Plaintiff"), as and for his responses and objections to the First Set of Contention Interrogatories of defendants New York City Health and Hospitals Corporation ("HHC") and Kings County Hospital Center ("KCH") (the "Municipal Defendants"), dated February 14, 2017 (the "Interrogatories"), hereby states as follows:

## GENERAL OBJECTIONS

Plaintiff objects to the Interrogatories to the extent that they are inconsistent with Fed. R. Civ. P. 26 or 33, and/or Rule 26.3 of the Local Civil Rules of this judicial district, or other applicable law or rules of court. Plaintiff's responses are made herein, or will be made hereafter, according to such applicable law and rules, and not in compliance with the Interrogatories except to the extent same are fully consistent therewith.

Plaintiff further objects to the Interrogatories to the extent that they seek any information relating to periods prior or subsequent to the period previously agreed-upon among the parties as relevant herein, to wit, January 1, 2013 - December 31, 2014.

Plaintiff further objects to the Interrogatories to the extent that they seek any information protected by attorney-client privilege or work product privilege/immunity, prepared or obtained at counsel's request or in contemplation or anticipation of litigation, or otherwise privileged or protected from disclosure under any other applicable privilege, immunity or law (statutory or common).

Plaintiff further objects to the Interrogatories to the extent that they seek documents or information more appropriately or practically sought by request for production pursuant to Fed. R. Civ. P. 34, or deposition pursuant to Fed. R. Civ. P. 30, and thus unauthorized efforts to obtain fact discovery long after the date ordered by the Court for the close thereof herein. No documents have, however, been withheld based upon the objections above.

In addition to the foregoing objections, but without waiving same, Plaintiff has the following responses and/or further objections to the particular Interrogatories interposed by the Municipal Defendants.

### RESPONSES AND OBJECTIONS TO INTERROGATORIES

1. With respect to plaintiff's claim(s) under the Family Medical Leave Act ("FMLA"), state whether and under what theory plaintiff contends that Municipal Defendants were his employer as defined by that statute and its interpreting case law?

**Plaintiff objects to this interrogatory to the extent that it seeks a response which would require disclosure of attorney work product. Notwithstanding said objection, but without waiving same, Plaintiff responds as follows:**

**Yes. Plaintiff contends that Municipal Defendants were his employer because they were joint/co-employers of him along with the State Defendants herein (i.e., State University Hospital - Downstate Medical Center ("Downstate"), Deborah Reede ("Reede") and Steven Pulitzer ("Pulitzer")), including under the FMLA and its implementing regulations (*e.g.*, 29 CFR § 825.106).**

2. If the answer to the foregoing interrogatory is in the affirmative:

   (a) set forth separately the factual bases for plaintiff's claim(s).

**Plaintiff objects to this interrogatory to the extent that it seeks a response which would require disclosure of attorney work product. Plaintiff further objects to this interrogatory as overly broad and unduly burdensome to the extent that it seeks every conceivable factual basis upon which his claim(s) might be based. See, e.g., Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); Clean Earth Remediation & Constr. Svcs., Inc. v. American Int'l Group, Inc., 245 F.R.D. 137, 141 (S.D.N.Y. 2007); Gregg v. Local 305, IBEW, 2009 U.S. Dist. LEXIS 40761 (N.D. Ind. May 13, 2009). Plaintiff expressly hereby reserves the right to supplement this response if, and to the extent, information otherwise responsive hereto becomes known to him which is required under applicable Federal or local rules, or other applicable law, or rule or order of this Court, to be disclosed in response hereto. Notwithstanding said objections and reservations, but without waiving same, Plaintiff responds as follows:**

Throughout the relevant period, Plaintiff was employed at defendant KCH pursuant to an "affiliation agreement" between Municipal Defendants and State Defendants. *See* **HHC 0158-0244**, previously produced herein. Under said agreement, Plaintiff performed his duties solely and entirely at, and for, defendant KCH and its patients, and was governed by, and obliged to observe and follow, Municipal Defendants' policies, procedures, rules and regulations in performing said duties, including (but not limited to) defendant KCH's Medical By-Laws, Rules and Regulations. *See* **HHC 0001-0157**. Plaintiff was also at all relevant times managed and supervised by Municipal Defendants' personnel, including specifically defendant KCH's Chief of Radiology and Director of ER Radiology. At all such relevant times, therefore, Municipal Defendants both had the right to control, and in fact controlled, the manner and means by which Plaintiff's work was performed. In fact, Plaintiff worked full time, exclusively at and for defendant KCH, not merely during the relevant period herein, but for a period of, in total, approximately fourteen (14) years.

Additionally, Plaintiff was hired (and later re-hired) by Municipal Defendants' Chief of Radiology; Plaintiff was hired (and later re-hired) specifically to work at defendant KCH; Plaintiff was credentialed by Municipal Defendants specifically to work at defendant KCH; Plaintiff had his work schedule set by Municipal Defendants; Plaintiff exclusively used Municipal Defendants' facilities, equipment and records in the performance of his duties; at all relevant times, Plaintiff was held out by Municipal Defendants as a KCH physician (including by being required to carry/wear, and actually carrying/wearing ID, and uniforms, issued by defendant KCH); Plaintiff had, for a period of time, an office at defendant KCH; Plaintiff routinely completed time sheets and other forms and records required or as directed by Municipal Defendants; Plaintiff was required to, and did in fact, complete regular and routine on-line and other continuing medical education and other training protocols as directed or otherwise required or requested by Municipal Defendants; and Plaintiff was denied leave on multiple occasions – including one or more occasions specifically at issue herein -- due to the purported "operational needs" of defendant KCH.

Plaintiff also worked, at all relevant times, solely with other of Municipal Defendants' personnel; Plaintiff trained and supervised physicians, nurses and other staff of defendant KCH; Plaintiff's salary (as well as, upon information and belief, some or all of his benefits) were, throughout the relevant period, funded/paid for by Municipal Defendants; and Plaintiff was discharged, in whole or in substantial part, on the recommendation and approval of Municipal Defendants' Chief of Radiology. Plaintiff's discharge, moreover, only occurred after Municipal Defendants' Chief Medical Officer had – as had also been the case with respect to several other physicians who had been working at defendant KCH pursuant to the "affiliation agreement" who had also been discharged – been specifically apprised and consulted with regarding it, and had given his express approval thereof.

    (b)    Identify all individuals with knowledge of the facts set forth in plaintiff's answers to subparagraph (a).

**Plaintiff; Defendants Pulitzer and Reede; Drs. Ghassan Jamaleddine, Alan Kantor, David Areman, Daphne Roitberg, and Catherine Mason; and, upon information and belief, one or more of the persons with responsibilities during the relevant period: (a) in the radiology and/or emergency departments of defendant KCH; (b) for the administration of**

the "affiliation agreement" between defendant Downstate and Municipal Defendants; (c) for the administration of the collective bargaining agreement between Downstate and United University Professions ("UUP");and/or (d) for the hospital administration, personnel, human resources, and/or labor relations functions at defendant KCH.

   (c) Produce all documents concerning, relating to or reflecting the facts set forth in plaintiff's answers to subparagraphs (a) and (b).

**Plaintiff objects to this "interrogatory" as neither an interrogatory *per se* nor one which seeks one or more of Plaintiff's contentions herein. Plaintiff further objects to this "interrogatory" as untimely, insofar as it seeks documents, and has been propounded after the court-ordered date for the close of fact discovery herein. Notwithstanding said objections, but without waiving same, Plaintiff states that all documents responsive to this "interrogatory," if any, which were or are within the possession, custody or control of Plaintiff have already been produced by him herein.**

   3. With respect to plaintiff's claim(s) under the Title VII of the Civil Rights Act as amended ("Title VII"), state whether, and under what theory, plaintiff contends that Municipal Defendants were his employer as defined by that statute and its interpreting case law?

**Plaintiff objects to this interrogatory to the extent that it seeks a response which would require disclosure of attorney work product. Notwithstanding said objection, but without waiving same, Plaintiff responds as follows:**

**Yes. Plaintiff contends that Municipal Defendants were his employer because they were joint/co-employers of him along with the State Defendants herein, including under Title VII and its interpreting case law.**

   4. If the answer to the foregoing interrogatory is in the affirmative:

   (a) set forth separately the factual bases for plaintiff's claim(s).

**Plaintiff objects to this interrogatory to the extent that it seeks a response which would require disclosure of attorney work product. Plaintiff further objects to this interrogatory to the extent that it seeks every conceivable factual basis upon which his claim(s) might be based. *See, e.g., Ritchie Risk-Linked Strategies, supra; Clean Earth Remediation, supra; Gregg, supra*. Plaintiff expressly hereby reserves the right to supplement this response if, and to the extent, information otherwise responsive hereto becomes known to him which is required under applicable Federal or local rules, or other applicable law, or rule or order of this Court, to be disclosed in response hereto. Notwithstanding said objections and reservations, but without waiving same, Plaintiff responds as follows:**

**Throughout the relevant period, Plaintiff was employed at defendant KCH pursuant to an "affiliation agreement" between Municipal Defendants and State Defendants. *See* HHC 0158-0244, previously produced herein. Under said agreement, Plaintiff performed his duties solely and entirely at, and for, defendant KCH and its patients, and was governed by, and obliged to observe and follow, Municipal Defendants' policies, procedures, rules and regulations in performing said duties, including (but not**

limited to) defendant KCH's Medical By-Laws, Rules and Regulations. *See* HHC 0001-0157. Plaintiff was also at all relevant times managed and supervised by Municipal Defendants' personnel, including specifically defendant KCH's Chief of Radiology and Director of ER Radiology. At all such relevant times, therefore, Municipal Defendants both had the right to control, and in fact controlled, the manner and means by which Plaintiff's work was performed. In fact, Plaintiff worked full time, exclusively at and for defendant KCH, not merely during the relevant period herein, but for a period of, in total, approximately fourteen (14) years.

Additionally, Plaintiff was hired (and later re-hired) by Municipal Defendants' Chief of Radiology; Plaintiff was hired (and later re-hired) specifically to work at defendant KCH; Plaintiff was credentialed by Municipal Defendants specifically to work at defendant KCH; Plaintiff had his work schedule set by Municipal Defendants; Plaintiff exclusively used Municipal Defendants' facilities, equipment and records in the performance of his duties; at all relevant times, Plaintiff was held out by Municipal Defendants as a KCH physician (including by being required to carry/wear, and actually carrying/wearing ID, and uniforms, issued by defendant KCH); Plaintiff had, for a period of time, an office at defendant KCH; Plaintiff routinely completed time sheets and other forms and records required or as directed by Municipal Defendants; Plaintiff was required to, and did in fact, complete regular and routine on-line and other continuing medical education and other training protocols as directed or otherwise required or requested by Municipal Defendants; and Plaintiff was denied leave on multiple occasions – including one or more occasions specifically at issue herein -- due to the purported "operational needs" of defendant KCH.

Plaintiff also worked, at all relevant times, solely with other of Municipal Defendants' personnel; Plaintiff trained and supervised physicians, nurses and other staff of defendant KCH; Plaintiff's salary (as well as, upon information and belief, some or all of his benefits) were, throughout the relevant period, funded/paid for by Municipal Defendants; and Plaintiff was discharged, in whole or in substantial part, on the recommendation and approval of Municipal Defendants' Chief of Radiology. Plaintiff's discharge, moreover, only occurred after Municipal Defendants' Chief Medical Officer had – as had also been the case with respect to several other physicians who had been working at defendant KCH pursuant to the "affiliation agreement" who had also been discharged – been specifically apprised and consulted with regarding it, and had given his express approval thereof.

   (b) Identify all individuals with knowledge of the facts set forth in plaintiff's answers to subparagraph (a).

**Plaintiff; Defendants Pulitzer and Reede; Drs. Ghassan Jamaleddine, Alan Kantor, David Areman, Daphne Roitberg, and Catherine Mason;** and, upon information and belief, one or more of the persons with responsibilities during the relevant period: (a) in the radiology and/or emergency departments of defendant KCH; (b) for the administration of the "affiliation agreement" between defendant Downstate and Municipal Defendants; (c) for the administration of the collective bargaining agreement between defendant Downstate and UUP; and/or (d) for the hospital administration, personnel, human resources, and/or labor relations functions at defendant KCH.

   (c) Produce all documents concerning, relating to or reflecting the facts set

forth in plaintiff's answers to subparagraphs (a) and (b).

**Plaintiff objects to this "interrogatory" as neither an interrogatory *per se* nor one which seeks one or more of Plaintiff's contentions herein. Plaintiff further objects to this "interrogatory" as untimely, insofar as it seeks documents, and has been propounded after the court-ordered date for the close of fact discovery herein. Notwithstanding said objections, but without waiving same, Plaintiff states that all documents responsive to this "interrogatory," if any, which were or are within the possession, custody or control of Plaintiff have already been produced by him herein.**

5. With respect to plaintiff's claim(s) under 42 U.S.C. § 1981, state whether, and under what theory, plaintiff contends that Municipal Defendants were his employer as defined by that statute and its interpreting case law?

**Plaintiff objects to this interrogatory to the extent that it seeks a response which would require disclosure of attorney work product. Notwithstanding said objection, but without waiving same, Plaintiff responds as follows:**

**Yes. Plaintiff contends that Municipal Defendants were his employer because they were joint/co-employers of him along with the State Defendants herein under 42 U.S.C. § 1981 and its interpreting case law.**

6. If the answer to the foregoing interrogatory is in the affirmative:

   (a) set forth separately the factual bases for plaintiff's claim(s).

**Plaintiff objects to this interrogatory to the extent that it seeks a response which would require disclosure of attorney work product. Plaintiff further objects to this interrogatory to the extent that it seeks every conceivable factual basis upon which his claim(s) might be based. *See, e.g., Ritchie Risk-Linked Strategies, supra; Clean Earth Remediation, supra; Gregg, supra*. Plaintiff expressly hereby reserves the right to supplement this response if, and to the extent, information otherwise responsive hereto becomes known to him which is required under applicable Federal or local rules, or other applicable law, or rule or order of this Court, to be disclosed in response hereto. Notwithstanding said objections and reservations, but without waiving same, Plaintiff responds as follows:**

**Throughout the relevant period, Plaintiff was employed at defendant KCH pursuant to an "affiliation agreement" between Municipal Defendants and State Defendants. *See* HHC 0158-0244, previously produced herein. Under said agreement, Plaintiff performed his duties solely and entirely at, and for, defendant KCH and its patients, and was governed by, and obliged to observe and follow, Municipal Defendants' policies, procedures, rules and regulations in performing said duties, including (but not limited to) defendant KCH's Medical By-Laws, Rules and Regulations. *See* HHC 0001-0157. Plaintiff was also at all relevant times managed and supervised by Municipal Defendants' personnel, including specifically defendant KCH's Chief of Radiology and Director of ER Radiology. At all such relevant times, therefore, Municipal Defendants both had the right to control, and in fact controlled, the manner and means by which Plaintiff's work was performed. In fact, Plaintiff worked full time, exclusively at and for defendant KCH, not merely during the relevant period herein, but for a period of, in total,**

approximately fourteen (14) years.

**Additionally, Plaintiff was hired (and later re-hired) by Municipal Defendants' Chief of Radiology; Plaintiff was hired (and later re-hired) specifically to work at defendant KCH; Plaintiff was credentialed by Municipal Defendants specifically to work at defendant KCH; Plaintiff had his work schedule set by Municipal Defendants; Plaintiff exclusively used Municipal Defendants' facilities, equipment and records in the performance of his duties; at all relevant times, Plaintiff was held out by Municipal Defendants as a KCH physician (including by being required to carry/wear, and actually carrying/wearing ID, and uniforms, issued by defendant KCH); Plaintiff had, for a period of time, an office at defendant KCH; Plaintiff routinely completed time sheets and other forms and records required or as directed by Municipal Defendants; Plaintiff was required to, and did in fact, complete regular and routine on-line and other continuing medical education and other training protocols as directed or otherwise required or requested by Municipal Defendants; and Plaintiff was denied leave on multiple occasions – including one or more occasions specifically at issue herein -- due to the purported "operational needs" of defendant KCH.**

**Plaintiff also worked, at all relevant times, solely with other of Municipal Defendants' personnel; Plaintiff trained and supervised physicians, nurses and other staff of defendant KCH; Plaintiff's salary (as well as, upon information and belief, some or all of his benefits) were, throughout the relevant period, funded/paid for by Municipal Defendants; and Plaintiff was discharged, in whole or in substantial part, on the recommendation and approval of Municipal Defendants' Chief of Radiology. Plaintiff's discharge, moreover, only occurred after Municipal Defendants' Chief Medical Officer had – as had also been the case with respect to several other physicians who had been working at defendant KCH pursuant to the "affiliation agreement" who had also been discharged – been specifically apprised and consulted with regarding it, and had given his express approval thereof.**

(b) Identify all individuals with knowledge of the facts set forth in plaintiff's

answers to subparagraph (a).

**Plaintiff; Defendants Pulitzer and Reede; Drs. Ghassan Jamaleddine, Alan Kantor, David Areman, Daphne Roitberg, and Catherine Mason; and, upon information and belief, one or more of the persons with responsibilities during the relevant period: (a) in the radiology and/or emergency departments of defendant KCH; (b) for the administration of the "affiliation agreement" between defendant Downstate and Municipal Defendants; (c) for the administration of the collective bargaining agreement between defendant Downstate and UUP; and/or (d) for the hospital administration, personnel, human resources, and/or labor relations functions at defendant KCH.**

(c) Produce all documents concerning, relating to or reflecting the facts set

forth in plaintiff's answers to subparagraphs (a) and (b).

Plaintiff objects to this "interrogatory" as neither an interrogatory *per se* nor one which seeks one or more of Plaintiff's contentions herein. Plaintiff further objects to this "interrogatory" as untimely, insofar as it seeks documents, and has been propounded after the court-ordered date for the close of fact discovery herein. Notwithstanding said

objections, but without waiving same, Plaintiff states that all documents responsive to this "interrogatory," if any, which were or are within the possession, custody or control of Plaintiff have already been produced by him herein.

7. With respect to plaintiff's claim(s) under 42 U.S.C § 1983, state whether, and under what theory, plaintiff contends that Municipal Defendants were his employer as defined by that statute and its interpreting case law?

**Plaintiff objects to this interrogatory to the extent that it seeks a response which would require disclosure of attorney work product. Notwithstanding said objection, but without waiving same, Plaintiff responds as follows:**

**Yes. Plaintiff contends that Municipal Defendants were his employer because they were joint/co-employers of him along with the State Defendants herein under 42 U.S.C. § 1983, the due process clause of the Fourteenth Amendment to the U.S. Constitution, and their respective interpreting case law.**

8. If the answer to the foregoing interrogatory is in the affirmative:

   (a) set forth separately the factual bases for plaintiff's claim(s).

**Plaintiff objects to this interrogatory to the extent that it seeks a response which would require disclosure of attorney work product. Plaintiff further objects to this interrogatory to the extent that it seeks every conceivable factual basis upon which his claim(s) might be based.** *See, e.g., Ritchie Risk-Linked Strategies, supra; Clean Earth Remediation, supra; Gregg, supra.* **Plaintiff expressly hereby reserves the right to supplement this response if, and to the extent, information otherwise responsive hereto becomes known to him which is required under applicable Federal or local rules, or other applicable law, or rule or order of this Court, to be disclosed in response hereto. Notwithstanding said objections and reservations, but without waiving same, Plaintiff responds as follows:**

**Throughout the relevant period, Plaintiff was employed at defendant KCH pursuant to an "affiliation agreement" between Municipal Defendants and State Defendants.** *See* **HHC 0158-0244, previously produced herein. Under said agreement, Plaintiff performed his duties solely and entirely at, and for, defendant KCH and its patients, and was governed by, and obliged to observe and follow, Municipal Defendants' policies, procedures, rules and regulations in performing said duties, including (but not limited to) defendant KCH's Medical By-Laws, Rules and Regulations.** *See* **HHC 0001-0157. Plaintiff was also at all relevant times managed and supervised by Municipal Defendants' personnel, including specifically defendant KCH's Chief of Radiology and Director of ER Radiology. At all such relevant times, therefore, Municipal Defendants both had the right to control, and in fact controlled, the manner and means by which Plaintiff's work was performed. In fact, Plaintiff worked full time, exclusively at and for defendant KCH, not merely during the relevant period herein, but for a period of, in total, approximately fourteen (14) years.**

**Additionally, Plaintiff was hired (and later re-hired) by Municipal Defendants' Chief of Radiology; Plaintiff was hired (and later re-hired) specifically to work at defendant KCH; Plaintiff was credentialed by Municipal Defendants specifically to work at**

defendant KCH; Plaintiff had his work schedule set by Municipal Defendants; Plaintiff exclusively used Municipal Defendants' facilities, equipment and records in the performance of his duties; at all relevant times, Plaintiff was held out by Municipal Defendants as a KCH physician (including by being required to carry/wear, and actually carrying/wearing ID, and uniforms, issued by defendant KCH); Plaintiff had, for a period of time, an office at defendant KCH; Plaintiff routinely completed time sheets and other forms and records required or as directed by Municipal Defendants; Plaintiff was required to, and did in fact, complete regular and routine on-line and other continuing medical education and other training protocols as directed or otherwise required or requested by Municipal Defendants; and Plaintiff was denied leave on multiple occasions – including one or more occasions specifically at issue herein -- due to the purported "operational needs" of defendant KCH.

Plaintiff also worked, at all relevant times, solely with other of Municipal Defendants' personnel; Plaintiff trained and supervised physicians, nurses and other staff of defendant KCH; Plaintiff's salary (as well as, upon information and belief, some or all of his benefits) were, throughout the relevant period, funded/paid for by Municipal Defendants; and Plaintiff was discharged, in whole or in substantial part, on the recommendation and approval of Municipal Defendants' Chief of Radiology. Plaintiff's discharge, moreover, only occurred after Municipal Defendants' Chief Medical Officer had – as had also been the case with respect to several other physicians who had been working at defendant KCH pursuant to the "affiliation agreement" who had also been discharged – been specifically apprised and consulted with regarding it, and had given his express approval thereof.

(b) Identify all individuals with knowledge of the facts set forth in plaintiff's answers to subparagraph (a).

Plaintiff; Defendants Pulitzer and Reede; Drs. Ghassan Jamaleddine, Alan Kantor, David Areman, Daphne Roitberg, and Catherine Mason; and, upon information and belief, one or more of the persons with responsibilities during the relevant period: (a) in the radiology and/or emergency departments of defendant KCH; (b) for the administration of the "affiliation agreement" between defendant Downstate and Municipal Defendants; (c) for the administration of the collective bargaining agreement between defendant Downstate and UUP: and/or (d) for the hospital administration, personnel, human resources, and/or labor relations functions at defendant KCH.

(c) Produce all documents concerning, relating to or reflecting the facts set forth in plaintiff's answers to subparagraphs (a) and (b).

Plaintiff objects to this "interrogatory" as neither an interrogatory *per se* nor one which seeks one or more of Plaintiff's contentions herein. Plaintiff further objects to this "interrogatory" as untimely, insofar as it seeks documents, and has been propounded after the court-ordered date for the close of fact discovery herein. Notwithstanding said objections, but without waiving same, Plaintiff states that all documents responsive to this "interrogatory," if any, which were or are within the possession, custody or control of Plaintiff have already been produced by him herein.

9. With respect to plaintiff's claim(s) under the New York State Human Rights Law,

NY Executive Law §§ 290, et seq. ("SHRL"), state whether, and under what theory, plaintiff contends that Municipal Defendants were his employer as defined by that statute and its interpreting case law?

**Plaintiff objects to this interrogatory to the extent that it seeks a response which would require disclosure of attorney work product. Notwithstanding said objection, but without waiving same, Plaintiff responds as follows:**

**Yes. Plaintiff contends that Municipal Defendants were his employer because they were joint/co-employers of him along with the State Defendants herein under the New York Human Rights Law and its interpreting case law.**

    10.    If the answer to the foregoing interrogatory is in the affirmative:

        (a)    set forth separately the factual bases for plaintiff's claim(s).

**Plaintiff objects to this interrogatory to the extent that it seeks a response which would require disclosure of attorney work product. Plaintiff further objects to this interrogatory to the extent that it seeks every conceivable factual basis upon which his claim(s) might be based. *See, e.g., Ritchie Risk-Linked Strategies, supra; Clean Earth Remediation, supra; Gregg, supra.* Plaintiff expressly hereby reserves the right to supplement this response if, and to the extent, information otherwise responsive hereto becomes known to him which is required under applicable Federal or local rules, or other applicable law, or rule or order of this Court, to be disclosed in response hereto. Notwithstanding said objections and reservations, but without waiving same, Plaintiff responds as follows:**

**Throughout the relevant period, Plaintiff was employed at defendant KCH pursuant to an "affiliation agreement" between Municipal Defendants and State Defendants. *See* HHC 0158-0244, previously produced herein. Under said agreement, Plaintiff performed his duties solely and entirely at, and for, defendant KCH and its patients, and was governed by, and obliged to observe and follow, Municipal Defendants' policies, procedures, rules and regulations in performing said duties, including (but not limited to) defendant KCH's Medical By-Laws, Rules and Regulations. *See* HHC 0001-0157. Plaintiff was also at all relevant times managed and supervised by Municipal Defendants' personnel, including specifically defendant KCH's Chief of Radiology and Director of ER Radiology. At all such relevant times, therefore, Municipal Defendants both had the right to control, and in fact controlled, the manner and means by which Plaintiff's work was performed. In fact, Plaintiff worked full time, exclusively at and for defendant KCH, not merely during the relevant period herein, but for a period of, in total, approximately fourteen (14) years.**

**Additionally, Plaintiff was hired (and later re-hired) by Municipal Defendants' Chief of Radiology; Plaintiff was hired (and later re-hired) specifically to work at defendant KCH; Plaintiff was credentialed by Municipal Defendants specifically to work at defendant KCH; Plaintiff had his work schedule set by Municipal Defendants; Plaintiff exclusively used Municipal Defendants' facilities, equipment and records in the performance of his duties; at all relevant times, Plaintiff was held out by Municipal Defendants as a KCH physician (including by being required to carry/wear, and actually carrying/wearing ID, and uniforms, issued by defendant KCH); Plaintiff had, for a period**

of time, an office at defendant KCH; Plaintiff routinely completed time sheets and other forms and records required or as directed by Municipal Defendants; Plaintiff was required to, and did in fact, complete regular and routine on-line and other continuing medical education and other training protocols as directed or otherwise required or requested by Municipal Defendants; and Plaintiff was denied leave on multiple occasions – including one or more occasions specifically at issue herein -- due to the purported "operational needs" of defendant KCH.

Plaintiff also worked, at all relevant times, solely with other of Municipal Defendants' personnel; Plaintiff trained and supervised physicians, nurses and other staff of defendant KCH; Plaintiff's salary (as well as, upon information and belief, some or all of his benefits) were, throughout the relevant period, funded/paid for by Municipal Defendants; and Plaintiff was discharged, in whole or in substantial part, on the recommendation and approval of Municipal Defendants' Chief of Radiology. Plaintiff's discharge, moreover, only occurred after Municipal Defendants' Chief Medical Officer had – as had also been the case with respect to several other physicians who had been working at defendant KCH pursuant to the "affiliation agreement" who had also been discharged – been specifically apprised and consulted with regarding it, and had given his express approval thereof.

  (b)  Identify all individuals with knowledge of the facts set forth in plaintiff's answers to subparagraph (a).

**Plaintiff; Defendants Pulitzer and Reede; Drs. Ghassan Jamaleddine, Alan Kantor, David Areman, Daphne Roitberg, and Catherine Mason; and, upon information and belief, one or more of the persons with responsibilities during the relevant period: (a) in the radiology and/or emergency departments of defendant KCH; (b) for the administration of the "affiliation agreement" between defendant Downstate and Municipal Defendants; (c) for the administration of the collective bargaining agreement between defendant Downstate and UUP; and/or (d) for the hospital administration, personnel, human resources, and/or labor relations functions at defendant KCH.**

  (c)  Produce all documents concerning, relating to or reflecting the facts set forth in plaintiff's answers to subparagraphs (a) and (b).

**Plaintiff objects to this "interrogatory" as neither an interrogatory *per se* nor one which seeks one or more of Plaintiff's contentions herein. Plaintiff further objects to this "interrogatory" as untimely, insofar as it seeks documents, and has been propounded after the court-ordered date for the close of fact discovery herein. Notwithstanding said objections, but without waiving same, Plaintiff states that all documents responsive to this "interrogatory," if any, which were or are within the possession, custody or control of Plaintiff have already been produced by him herein.**

Dated: New York, New York
       May 17, 2017

AS TO ANSWERS:

I declare, under penalty of perjury, that the above-noted answers to interrogatories are true to the best of my knowledge and belief as of the date stated hereinabove.

_____\s_____
Oded Greenberg, M.D.

AS TO OBJECTIONS:

        Yours, etc.

        ERIC M. NELSON
        Attorney at Law

        _____\s_____ 5/18
        112 Madison Avenue, Sixth Floor
        New York, New York 10016
        Telephone: (212) 354-3666

        Attorney for Plaintiff