15-CV-2343 (PKC)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

ODED GREENBERG, M.D.,

                                                            Plaintiff,

                        -against-

STATE UNIVERSITY HOSPITAL-DOWNSTATE
MEDICAL CENTER et al.,

                                                            Defendants.

## HEALTH + HOSPITALS DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Health + Hospitals Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Ryan Shaffer*
*Tel:  (212) 356-5037*
*Matter No. 2015-047890*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................ii

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT

      POINT I

            THE EVIDENCE ESTABLISHES THAT THE
            HEALTH + HOSPITALS DEFENDANTS WERE
            *NOT* A JOINT EMPLOYER UNDER TITLE VII,
            OR THE HUMAN RIGHTS LAWS. ............................................................ 1

      POINT II

            PLAINTIFF'S CANNOT ESTABLISH A *PRIMA
            FACIE* CASE OF DISCRIMINATION. ..................................................... 6

      POINT III

            THE HEALTH + HOSPITALS DEFENDANTS
            ARE NOT A JOINT EMPLOYER WITH THE
            SUNY DEFENDANTS UNDER THE FMLA.......................................... 8

      POINT IV

            KINGS COUNTY HOSPITAL CENTER MUST
            BE DISMISSED BECAUSE IT IS NOT A
            SUABLE ENTITY.................................................................................... 8

CONCLUSION.................................................................................................... 9

**TABLE OF AUTHORITIES**

**Cases**                                                            **Pages**

Ahumada v. Belcher Mgmt., LLC,
No. 12-00685-SDD-SCR, 2014
U.S. Dist. LEXIS 84955 (M.D. La. June 23, 2014)...................................................................4

Anti-Monopoly, Inc., v. Hasbro, Inc.,
958 F. Supp. 895 (S.D.N.Y. 1997),
aff'd, 130 F.3d 1101 (2d Cir. 1997)...................................................................8

AT&T v. NLRB,
67 F.3d 446 (2d Cir. 1995)...................................................................4

Barbosa v. Continuum Health Partners, Inc.,
716 F. Supp. 2d 210 (S.D.N.Y. 2010)...................................................................6

Clinton's Ditch Coop. Co. v. NLRB,
778 F.2d 132 (2d Cir. 1985)...................................................................5

Dwyer v. Horne,
No. 12-CV-1176 (NG)(VMS), 2017 U.S. Dist. LEXIS 186126
(E.D.N.Y. Nov. 8, 2017) ............................................................... 4-5, 7

Duplan v. City of New York,
888 F.3d 612, 621 (2d Cir. 2018)...................................................................6

Forsyth v. New York City Dept. of Citywide Administrative Services,
733 F. Supp. 2d 392 ...................................................................2, 3

Liotard v. FedEx Corp.,
14 Civ. 2083 (NSR), 2016 U.S. Dist. LEXIS 34754 (S.D.N.Y. Mar. 17, 2016) .......................5

Nat'l Commc'n Ass'n, Inc. v. Am. Tel. & Tel. Co.,
No. 92-CV-1735, 1998 U.S. Dist. LEXIS 3198 (S.D.N.Y. March 16, 1998) ...........................8

Serv. Employees Intl Union, Local 32BJ v. N.L.R.B.,
647 F.3d 435 (2d Cir. 2011)...................................................................5

Vasquez v. Empress Ambulance Serv.,
835 F.3d 267 (2d Cir. 2016)...................................................................7

| **Statutes** | **Pages** |

42 U.S.C. § 1981.................................................................................................................6

42 U.S.C. § 1983.................................................................................................................6

Local Civ. Rule 56.1 ..........................................................................................................1

## PRELIMINARY STATEMENT

On March 26, 2018, Defendants Kings County Hospital Center ("KCHC") and the New York City Health + Hospitals Corporation ("Health + Hospitals Corp."), (hereinafter "Health + Hospitals Defendants") served Plaintiff with their motion for summary judgment. As set forth in their motion, dismissal is warranted on the grounds that: (1) KCHC is not a suable entity; (2) Health + Hospitals Defendants were not Plaintiff's employer; (3) Plaintiff cannot establish a *prima facie* case of discrimination under Title VII; (4) even if Plaintiff could establish a *prima facie* claim, Health + Hospitals Defendants have articulated legitimate, non-discriminatory reasons that cannot be shown to be pre-textual as a matter of law; and (5) Plaintiff's rights under the FMLA were not violated. On July 6, 2018, Plaintiff opposed Health + Hospitals Defendants' motion by submitting a Memorandum of Law in Opposition ("Pltf's MOL"), a Response to the Defendants' Local Civil Rule 56.1 ("Defs' 56.1") Statement and statement of additional material facts in opposition to Defendants' motion, and declarations from Plaintiff, non-party Esther Neiman, and Plaintiff's Attorney, Chad L. Edgar.

For the reasons set forth herein, dismissal of this matter in its entirety remains warranted.

## ARGUMENT

### POINT I

#### THE EVIDENCE ESTABLISHES THAT THE HEALTH + HOSPITALS DEFENDANTS WERE *NOT* A JOINT EMPLOYER UNDER TITLE VII, OR THE HUMAN RIGHTS LAWS

In his opposition to Defendants' motion, Plaintiff incorrectly states that the Health + Hospitals Defendants constituted a joint employer of Plaintiff. Despite Plaintiff's correct statement, that a defendant is a joint employer when there is "commonality of hiring, firing,

discipline, pay, insurance, records, and supervision," the undisputed facts here do not meet such standard and, accordingly, fail to establish that the Health + Hospitals Defendants could be deemed Plaintiff's joint employer.

Plaintiff cites to <u>Forsyth v. New York City Dept. of Citywide Administrative Services</u> in an attempt to argue that the Health + Hospitals Defendants were his joint employer. Plaintiff incorrectly argues that in that case the City was found to be a joint employer and that summary judgment was denied because "[the City of New York] retained the right to reject and bar from its facility any employee hired by [the primary employer]." See Pltf's MOL at p.3. However, the actual reason that the Court did not grant summary judgment on the joint employer issue in that case was because there was a factual issue as to whether [the City defendant] — through [its own employee] — exercised that authority. <u>Forsyth</u> 733 F. Supp. 2d 392. Presumably, the Court would have found no joint employer liability had the City's employee definitively not exercised its right to reject and bar plaintiff from its facilities.

Here, Plaintiff conflates the ability of Health + Hospitals to request, with justification, that a physician assigned pursuant to the operative affiliation agreement no longer be assigned to its facility, with a supposed ability to terminate a physician's employment. Such a conflation is both factually misplaced here and, further, serves to prove nothing. First, as an initial matter, no Health + Hospitals employee ever requested removal of Plaintiff pursuant to the affiliation agreement. That Dr. Jamaleddine agreed with the decision to remove Plaintiff from KCHC, and, according to Dr. Pulitzer, would have requested such a removal had SUNY not independently taken action is irrelevant to the joint employer determination. In <u>Forsyth</u>, the court did not grant summary judgment on the joint employer issue because there was an issue of fact as to whether the power to remove was exercised. In stark contrast here, no dispute exists

2

that any supposed power to remove was not exercised. Accordingly, even that theory of joint employer liability is without appreciable merit.[1]

Throughout his opposition, Plaintiff contends that the practical effect of requests by Dr. Jamaleddine to remove individuals from KCHC was termination. However, an examination of the testimony cited by Plaintiff indicates that was not the case. First, in response to paragraph 22 of Health and Hospitals Defendants' 56.1 statement, Plaintiff asserts that Dr. Pulitzer's testimony establishes that a request from Dr. Jamaleddine to preclude a physician from practicing at KCHC would in effect cause a "de facto" termination. In fact, what Dr. Pulitzer stated was that if Dr. Jamleddine no longer wanted a physician to practice at KCHC they would "*continue to be an employee of Downstate.*" See Plaintiff's Exhibit 38 at pp. 42:17-43:17 (emphasis added). Plaintiff also cites to testimony from Dr. Reede in order to make the same argument. See Pltf's MOL at p.4. The portion of Dr. Reede's testimony cited by Plaintiff discusses a singular instance when Dr. Jamaleddine requested that a Chief of Service be replaced. Plaintiff ignores Reede's testimony that she could have assigned a Chief of Service to a SUNY hospital if funds were available. In fact, later in his opposition, Plaintiff admits that Health + Hospitals' ability to remove him, although not actually exercised in this instance, did not extend to being able to terminate his employment completely.

Plaintiff's opposition does not contest certain facts that singularly and certainly obviate the establishment of joint employer liability. It is undisputed that Health + Hospitals did not and could not hire Plaintiff, did not control Plaintiff's pay, insurance, or employment records,

---

[1] In Forsyth, summary judgment was granted because the plaintiff did not present any evidence of an inference of discrimination.

and did not participate in the collective bargaining process.[2] See Health + Hospitals Defendants' Opening Brief at Point II(1)(ii), (iv), and (vi).

Moreover, Plaintiff's only opposition regarding the Health + Hospitals Defendants' inability to discipline him is that memos placed into his personnel file were written on KCHC letterhead. Plaintiff cites no case law in support of the premise that a defendant's use of letterhead is determinative or relevant to the joint employer inquiry. In fact, at least one court outside of this Circuit has held that it is not. See Ahumada v. Belcher Mgmt., LLC, No. 12-00685-SDD-SCR, 2014 U.S. Dist. LEXIS 84955, at *17 (M.D. La. June 23, 2014) ("[T]he fact that Plaintiff may have received documentation or policies on [a defendant's] letterhead is not determinative of a joint employer relationship.").

Additionally, Plaintiff challenges that fact that the Health + Hospitals Defendants did not supervise him by alleging that Drs. Reede and Pulitzer were employees of both SUNY and KCHC. However, Plaintiff altogether ignores the undisputed fact that both physicians were assigned to KCHC under the same affiliation agreement as him, and plainly, under such an agreement, were SUNY employees. Inasmuch as Plaintiff argues that because Drs. Reede and Pulitzer reported to Dr. Jamaleddine, an employee of the Health + Hospitals Corp., it is clear that indirect supervision is insufficient for purposes of a joint employer inquiry. See AT&T v. NLRB, 67 F.3d at 451. Moreover, where supervision "consists primarily of telling employees what work to perform, or where and when to perform the work, but not how to perform the work," the supervision does not support a joint employer finding. See Dwyer v. Horne, No. 12-CV-1176

---

[2] In determining immediate control, the Court weighs whether the alleged joint employer (1) did the hiring and firing; (2) directly administered any disciplinary procedures; (3) maintained records of hours, handled the payroll, or provided insurance; (4) directly supervised the employees; or (5) participated in the collective bargaining process. See AT&T v. NLRB, 67 F.3d 446, 451 (2d Cir. 1995)

(NG)(VMS), 2017 U.S. Dist. LEXIS 186126, at *13-14 (E.D.N.Y. Nov. 8, 2017) citing <u>Serv. Employees Intl Union, Local 32BJ v. N.L.R.B.</u>, 647 F.3d 435, 443 (2d Cir. 2011)); <u>Liotard v. FedEx Corp.</u>, 14 Civ. 2083 (NSR), 2016 U.S. Dist. LEXIS 34754, at *6 (S.D.N.Y. Mar. 17, 2016).

Finally, even if the Court found, contrary to the record, that the Health + Hospitals Defendants had the power to terminate Plaintiff, that is merely one factor, and is not determinative of the holistic inquiry required. See <u>Clinton's Ditch Coop. Co. v. NLRB,</u> 778 F.2d 132, 140 (2d Cir. 1985). Accordingly, as dictated by the weight of the record evidence, Plaintiff cannot establish that the Health + Hospitals Defendants were a joint employer with SUNY, and his claims must be dismissed.

Plaintiff's joint employer arguments with respect to the New York City and State Human Rights Laws ("NYCHRL" and "NYSHRL") are similarly unpersuasive and fail for the same reasons set forth above. It is beyond dispute that even under the factors set forth in <u>Popat v. Levy</u>, Health + Hospitals Corp. was not plaintiff's joint employer. First, Plaintiff cannot dispute that Health + Hospitals Corp. did not "select and engage" him. Second, Plaintiff cannot dispute that he was not paid by Health + Hospitals Corp.[3] Third, as discussed above, Health + Hospitals Corp. did not have the power to terminate Plaintiff's employment. Finally, as Drs. Reede and Pulitzer are not employees of the Health + Hospitals Defendants, Plaintiff cannot legitimately contend that Health + Hospitals Corp. had the "power to control" his conduct. Accordingly, even

---

[3] That the funds paid to Plaintiff came from Health + Hospitals is of no moment. For example, an individual who contracts with Uber for transportation cannot be said to pay the driver of the vehicle in which he is driven. In reality, the individual passenger pays Uber, who then distributes the money to the driver in accordance with their employment agreement. Similarly, Health + Hospitals Corp. provides funds to SUNY for distribution in accordance with the collective bargaining agreement governing Plaintiff's employment.

under the NYCHRL and the NYSHRL, Plaintiff's claims must be dismissed because Health + Hospitals Corp. was not a joint employer.

Finally, Plaintiff's incorrectly contends that the Health + Hospitals Defendants did not address the application of the joint employer inquiry as to his claims brought pursuant to 42 U.S.C. Sections 1981 and 1983. Such claims likewise fail as the joint employer test analyzed herein is the same for claims brought pursuant to those statutes. See Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 216-17 (S.D.N.Y. 2010). Beyond this, Plaintiff's Section 1981 claim also fails for the reasons set forth in Duplan v. City of New York. (holding that "42 U.S.C. § 1981 does not provide a separate private right of action against state actors."), 888 F.3d 612, 621 (2d Cir. 2018).

## POINT II

### PLAINTIFF'S CANNOT ESTABLISH A *PRIMA FACIE* CASE OF DISCRIMINATION

Plaintiff opposes dismissal for failure to establish a *prima facie* case of discrimination in large part on the same theory as in his opposition to Point I of Health + Hospitals Defendants' motion: that Dr. Pulitzer was an employee of Health + Hospitals. Plaintiff is incorrect.

Specifically, as to Dr. Pulitzer, Plaintiff ignores the plain language of §2.4(a) of the affiliation agreement which states that the Chief of Service of the Radiology Department, unlike all other Chiefs of Service, shall not become an employee of the Health + Hospitals Corporation. See Exhibit "J" to the Shaffer Decl. at §2.4(a). Moreover, aside from the plain language of the affiliation agreement, it is clear that even if Dr. Pulitzer were acting for the benefit of the Health + Hospitals Defendants, his actions were limited to the administrative functions of setting schedules and doling out assignments, not telling Plaintiff or other physicians

6

how to do their jobs. See Dwyer, 2017 U.S. Dist. LEXIS 186126, at \*13-14. Notably, Plaintiff does not argue that Dr. Reede was an employee of the Health + Hospitals Defendants. Accordingly, Plaintiff's argument that the actions of Dr. Reede are imputable to the Health + Hospitals Defendants because they were set in motion by the actions of Dr. Pulitzer are without merit, as neither is an employee of the Health + Hospitals Defendants.

Plaintiff's attempt to apply "cat's paw" liability to the Health + Hospitals Defendants is misplaced. Under such a theory the Court can hold an employer liable under Title VII when, through its own negligence, the employer gives effect to the retaliatory intent of one of its —even low-level— employees. Vasquez v. Empress Ambulance Serv., 835 F.3d 267, 273-74 (2d Cir. 2016). Here, Plaintiff argues discriminatory intent only as to Dr. Reede, an individual he does not contend to be an employee of the Health + Hospitals Defendants. Moreover, Plaintiff alternatively argues that the cat's paw theory should apply to the relationship between Defendant Pulitzer and Dr. Jamaleddine, but admits that neither of those individuals harbored a discriminatory motive, rendering the cat's paw theory inapplicable.

In fact, plaintiff admitted that he does not think that Dr. Jamaleddine discriminated against him in any way. See Defs.' 56.1 at ¶42. Nor can plaintiff cite to any evidence that Dr. Jamaleddine was aware of any supposed bias or basis for discrimination by Drs. Reede and Pulitzer such that he could have taken corrective measures. In fact, the record is clear that Dr. Jamaleddine was only aware of Plaintiff's misconduct with respect to the attestations and time and attendance. See Exhibit "A," to the Supplemental Declaration of Ryan G. Shaffer, dated September 14, 2018, Jamaleddine Deposition at 173:12-177:15. Accordingly, even if the Court were to find that the Health + Hospitals Defendants were Plaintiff's employer, Plaintiff cannot point to anything in the record which would establish that the reasons for which

the Health + Hospitals Defendants wanted him removed from KCHC were pretextual and a cover for discrimination based upon his age, race, or religion.

## POINT III

**THE HEALTH + HOSPITALS DEFENDANTS ARE NOT A JOINT EMPLOYER WITH THE SUNY DEFENDANTS UNDER THE FMLA**

As set forth in Points I and II *supra*, Dr Pulitzer was not an employee of the Health + Hospitals Defendants. As Plaintiff's opposition to FMLA employer status is premised entirely upon that erroneous conclusion, his FMLA claim must be dismissed.

## POINT IV

**KINGS COUNTY HOSPITAL CENTER MUST BE DISMISSED BECAUSE IT IS NOT A SUABLE ENTITY**

Plaintiff's opposition to the Health + Hospitals Defendants' motion does not contest that KCHC is not a suable entity. Accordingly, Plaintiff has effectively abandoned his claims against KCHC and the Court should dismiss KCHC from this matter. See Nat'l Commc'n Ass'n, Inc. v. Am. Tel. & Tel. Co., No. 92-CV-1735, 1998 U.S. Dist. LEXIS 3198, at *28 (S.D.N.Y. March 16, 1998) (deeming claim "abandoned" and granting summary judgment where plaintiff did not address claim in response to defendant's summary judgment motion); Anti-Monopoly, Inc., v. Hasbro, Inc., 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue."), aff'd, 130 F.3d 1101 (2d Cir. 1997).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order granting the Health + Hospitals Defendants' motion for summary judgment and dismissing Plaintiff's claims in their entirety, with prejudice, and awarding the Health + Hospitals Defendants such other and further relief as the Court deems just and proper.

Dated:     New York, New York
         September 14, 2018

                      **ZACHARY W. CARTER**
                      Corporation Counsel of the City of New York
                      *Attorney for Health + Hospitals Defendants*
                      100 Church Street, Room 2-146
                      New York, New York 10007
                      (212) 356-5037
                      rshaffer@law.nyc.gov

                  By:    /s/
                         Ryan G. Shaffer
                         Assistant Corporation Counsel


To:    Chad Edgar, Esq. (By ECF)
       *Attorney for Plaintiff*

       Christopher V. Coulston, Esq. (By ECF)
       *Attorney for SUNY Defendants*