30

## SETTLEMENT

**State of New York - State University of New York Downstate Medical Center**
**vs.**
**Rodney McKnight, Clerk 2**

1. In lieu of a Notice of Discipline being issued to Mr. Rodney McKnight, Clerk 2, for: (1) unprofessional behavior; (2) creating a hostile environment for co-workers; (3) failing to adhere to the SUNY-DMC Workplace Violence Prevention Policy (see attached); and (4) interfering with the operations of the department, all parties agree that Mr. McKnight will pay a fine equivalent to one (1) day's salary, to be satisfied by use of annual leave accruals.

2. In addition, Mr. McKnight shall have a fine equivalent to two (2) month's salary held in abeyance for one (1) year from the date of this settlement Agreement through November 5, 2014. This one-year probationary period shall be extended for each absence incurred by Mr. McKnight during that period, whether scheduled or unscheduled. Should Mr. McKnight engage in any misconduct that is the same or similar to that referenced in paragraph one (1) of this disciplinary Settlement Agreement, as determined by the Director of Labor Relations, or her designee for that purpose, the penalty held in abeyance may be imposed. Prior to implementing the penalty, Mr. McKnight and his Union representatives shall be afforded the opportunity to explain to Management why the penalty should not be implemented. The Director of Labor Relations and/or her designee's decision to impose the penalty cannot be appealed in any legal or administrative forum by Mr. McKnight, CSEA or anyone on his behalf.

3. Mr. McKnight fully understands all of the terms and conditions of this Stipulation of Settlement and clearly and freely consents to enter into this agreement, such consent not having been induced by fraud, duress or any other undue influence.

4. Effective immediately, Mr. McKnight agrees to adhere to all Policies and Procedures governing behavior in the workplace. Failure to adhere to all policies will be considered a violation of this agreement and the penalty may be imposed.

5. This settlement represents the entire resolution of all known or unknown claims and grievances that Mr. Rodney McKnight has or would have arising out of Mr. McKnight's employment at SUNY Downstate Medical Center (SUNY-DMC) arising prior to the date of this settlement agreement. Mr. McKnight waives his right to bring any suit, civil action, legal claim, or to otherwise attempt to impose any liability in any forum (including the EEOC and New York State Division of Human Rights) on SUNY, SUNY-DMC and/or the State government or any of their officers or employees in relation to his employment with SUNY-DMC. This settlement is not a precedent, but it shall be admissible by either party in future proceedings between Mr. McKnight and SUNY Downstate Medical Center.

_[signatures]_
Employer — 11/6/13
Employee — 11/6/13
Union Representative — 11-6-13

cc: Personnel file
Case file

## SETTLEMENT



1. In lieu of a Notice of Discipline being issued to Mr. Eliezer Padua, TH Staff Assistant 2, for: (1) creating a hostile environment for co-workers; (2) unprofessional behavior (3) failing to adhere to the SUNY-DMC Workplace Violence Prevention Policy (see attached); and (4) interfering with the operations of the department, all parties agree that Mr. Padua shall receive a Letter of Reprimand.

2. In addition, Mr. Padua shall have a fine ranging from one (1) day's salary to three (3) month's salary held in abeyance for one (1) year from the date of this settlement Agreement through November 11, 2014. This one-year probationary period shall be extended for each absence incurred by Mr. Padua during that period, whether scheduled or unscheduled. Should Mr. Padua engage in any misconduct that is the same or similar to that referenced in paragraph one (1) of this disciplinary Settlement Agreement, as determined by the Director of Labor Relations, or her designee for that purpose, the penalty held in abeyance may be imposed. Prior to implementing the penalty, Mr. Padua and his Union representatives shall be afforded the opportunity to explain to Management why the penalty should not be implemented. The Director of Labor Relations and/or her designee's decision to impose the penalty cannot be appealed in any legal or administrative forum by Mr. Padua, UUP or anyone on his behalf.

3. Mr. Padua fully understands all of the terms and conditions of this Stipulation of Settlement and clearly and freely consents to enter into this agreement, such consent not having been induced by fraud, duress or any other undue influence.

4. Effective immediately, Mr. Padua agrees to adhere to all Policies and Procedures governing behavior in the workplace. Failure to adhere to all policies will be considered a violation of this agreement and the penalty may be imposed.

5. This settlement represents the entire resolution of all known or unknown claims and grievances that Mr. Eliezer Padua has or would have arising out of Mr. Padua's employment at SUNY Downstate Medical Center (SUNY-DMC) arising prior to the date of this settlement agreement. Mr. Padua waives his right to bring any suit, civil action, legal claim, or to otherwise attempt to impose any liability in any forum (including the EEOC and New York State Division of Human Rights) on SUNY, SUNY-DMC and/or the State government or any of their officers or employees in relation to his employment with SUNY-DMC. This settlement is not a precedent, but it shall be admissible by either party in future proceedings between Mr. Padua and SUNY Downstate Medical Center.

_____ Employer    11/12/13 Date
_____ Employee    11/12/13 Date
Abe Gurecht as witness / Union Representative    11-12-13 Date

cc: Personnel file
    Case file

## SETTLEMENT



1. All parties agree that in lieu of a Gregory Johnson, TH Medical Radiographer 1, being suspended and served with a Notice of Discipline with a proposed penalty of termination from State service for 1) creating a hostile work environment; and 2) engaging in unprofessional behavior; Mr. Johnson shall be placed on probation, with a $12,500.00 fine held in abeyance for (1) year from the date of this settlement Agreement through March 5, 2015.

2. This one-year period shall be extended by every absence incurred by Mr. Johnson during that period, whether scheduled or unscheduled. Should Mr. Johnson engage in any misconduct that is the same or similar to that referenced in paragraph one (1) of this disciplinary Settlement Agreement prior to the end of the one (1) year period described above, as determined by the Director of Labor Relations, or her designee for that purpose, the penalty of $12,500.00 will be imposed. Prior to implementing the penalty, Mr. Johnson and his Union representatives shall be afforded the opportunity to explain to Management why the penalty should not be implemented. The Director of Labor Relations and/or her designee's decision to impose the penalty cannot be appealed in any legal or administrative forum by Mr. Johnson, UUP or anyone on his behalf.

3. This settlement represents the entire resolution of any and all current and future claims and grievances, known or unknown to Mr. Johnson, relating to his employment with SUNY-DMC leading up to the signing of this settlement. The parties agree that this settlement is final and binding and neither party will seek, in any way, to vacate or overturn its provisions. This settlement shall be admissible in future proceedings between Mr. Johnson and SUNY – Downstate Medical Center and the State of New York. However, this settlement shall have no precedential value for matters involving any other employee at SUNY-DMC other than Mr. Johnson. This Agreement supersedes any other understandings, either oral or written, between the parties and contains all terms and conditions agreed to by the parties. There are no contemporaneous agreements concerning this matter.

_____  3/6/14
Employer                    Date

_____  3/6/14
Employee                    Date

Abe Gerecht as witness      3-6-14
Union Representative        Date

cc:  Personnel file
     Case file

## SETTLEMENT

State of New York – State University of New York Downstate Medical Center (SUNY-DMC)
vs.
Ms. Myriam Santiago, TH STER SUPP TEC1

In full settlement of the Notices of Discipline issued to Ms. Myriam Santiago, TH STER SUPP TEC1, on May 15, 2013 for (1) unscheduled absence without authorization on twenty-five separate occasions, of which eleven were before or after a pass day; and (2) interfering with the operations of the department, all parties agree that:

1. Ms. Santiago shall have a fine equivalent to one (1) day's salary held in abeyance for one (1) year commencing from the date of this settlement agreement, to be extended by every absence incurred by Ms. Santiago during this one (1) year period. Should Ms. Santiago engage in any misconduct that is the same or similar to that described above as determined by the Director of Labor Relations or her designee prior to April 8, 2015, the penalty held in abeyance will be imposed. The Director of Labor Relations' or her designee's decision to implement this penalty cannot be appealed in any legal or administrative forum by Ms. Santiago, CSEA, or anyone on her behalf.

2. During the one (1) year abeyance period:

    a. For absence: Ms. Santiago may have no more than four (4) unscheduled/unauthorized absence occasions. An absence occasion is defined as an absence of one (1) or more consecutive days for the same illness or other event. All unscheduled absences are to be documented by acceptable medical or other appropriate documentation.

3. Ms. Santiago shall be placed on Time and Attendance Watch for one (1) year commencing the date of this settlement agreement. During this one (1) year period, Ms. Santiago will be required to submit verifiable documentation for each unscheduled absence; including non-medical absences. Each unscheduled absence/lateness due to personal or family illness, injury, etc. must be accompanied by a doctor's note signed by a qualified health care professional that specifies the date seen by the doctor, medical facts supporting the leave, and expected date of return. In each case documentation is due on the date of return to duty and must be submitted directly to Ms. Santiago's supervisor or the appointed designee. Documentation which you wish to keep confidential may be submitted to the SUNY-DMC Confidentiality Officer located at 420 Lenox Road, Brooklyn, NY 11203 (Mailing address 450 Clarkson Ave, Box 1224, Brooklyn, NY 11203, tel 718-270-1193, fax 718-270-4684).

4. Should Ms. Santiago engage in any misconduct that is the same or similar to that described above as determined by the Assistant Vice President for Labor Relations or his

*AB 4/9/14*
*MS 4/9/14*
*AG 4-9-16*

designee prior to April 8, 2015, the penalty held in abeyance will be imposed. All deductions will be taken in increments of $25 per pay period. The Assistant Vice President for Labor Relations or his designee's decision to implement this penalty cannot be appealed in any legal or administrative forum by Ms. Santiago, CSEA, or anyone on his behalf.

5. Effective immediately, Ms. Santiago agrees to adhere to all Departmental policies and procedures.

6. This settlement represents the entire resolution of all current claims and grievances gleaned from the facts contained in the above referenced settlement agreement. Ms. Santiago holds harmless and waives any suit, action or other attempt to impose liability in any forum, on SUNY, SUNY-DMC, and/or the State government, or any of its officers or employees. This settlement is not a precedent, but it shall be admissible in future proceedings between Ms. Myriam Santiago and ~~SUNY~~ Downstate Medical Center.

_____   4/9/14
Employer                          Date

_____   4/9/14
Employee                          Date

_____   4-9-14
CSEA Representative               Date

cc: Personnel File
    Case File

## SETTLEMENT

**State of New York - State University of New York Downstate Medical Center (SUNY-DMC)**

**vs**

**Deidrea Lee, TH Medical Radiographer I**

1. In lieu of Ms. Deidrea Lee, TH Medical Radiographer I, being served a Notice of Discipline for: (1) jeopardizing patient care, (2) interfering with the operations of the department and (3) failure to follow protocol, all parties agree that Ms. Lee shall be placed on general probation for one (1) year from the date of this settlement agreement, to be extended for every day taken by Ms. Lee during that period, whether scheduled or unscheduled. Should Ms. Lee, engage in misconduct that is the same or similar as determined by the Director of Labor Relations or her designee for that purpose, a penalty ranging from a Letter of Reprimand to Termination from State service will be imposed. Prior to implementing the penalty, Ms. Lee and her Union representatives shall be afforded the opportunity to explain to Management why the penalty should not be implemented. The Director of Labor Relations' or her designee's decision to implement this penalty cannot be appealed in any legal or administrative forum by Ms. Lee, UUP, or anyone on her behalf. This settlement shall have the same force and effect of a Formal Letter of Reprimand being served.

2. Ms. Lee shall contact Lorraine Brooks, Coordinator of the Employee Assistance Program (EAP), by close of business Friday, August 29, 2014, in order to be evaluated for admission into a program designed to address any issue(s) that negatively affect Ms. Lee's work performance. Failure to contact the Employee Assistance Coordinator or to participate in and complete any recommended program shall be deemed a breach of this agreement and the penalty held in abeyance may be imposed.

3. Effective immediately, Ms. Deidrea Lee hereby agrees to adhere to all departmental policies and procedures governing her responsibilities during this probationary period.

4. This settlement represents the entire resolution of all known or unknown claims and grievances that Ms. Deidrea Lee has or would have arising out of Ms. Lee's employment at SUNY Downstate Medical Center (SUNY-DMC) arising prior to the date of this settlement agreement. Ms. Lee waives her right to bring any suit, civil action, legal claim or, to otherwise attempt to impose any liability in any forum (including the EEOC and New York State Division of Human Rights) on SUNY, SUNY-DMC and/or the State government or any of their officers or employees in relation to her employment with SUNY-DMC. This settlement is not a precedent, but it shall be admissible by either party in future proceedings between Ms. Deidrea Lee and SUNY Downstate Medical Center.

**MS. LEE VOLUTARILY WAIVED HER RIGHT TO HAVE A UNION OR LEGAL REPRESENTATIVE FOR THIS MATTER. MS. LEE DECIDED TO REPRESENT HERSELF.**

_____   8/18/14
Employer                    Date

_Deidrea Lee_               8/18/14
Employee                    Date

_____   _____
Union Representative        Date

cc:  Personnel File
     Case File

## SETTLEMENT

**State of New York – State University of New York Downstate Medical Center (SUNY-DMC)**
**vs.**
**Ms. Myriam Santiago, TH STER SUPP TEC I**

This settlement Agreement is entered into by and between the State University of New York – Downstate Medical Center ("SUNY-DMC" hereinafter referred to as "the Employer") and Myriam Santiago, TH Sterile Supply Tech I (hereinafter referred to as "the Employee"), collectively referred to as the "Parties."

1. In lieu of the Employee paying a fine of one (1) day's salary for violating the Settlement Agreement executed April 9, 2014 (see attached), in that she continues to engage in (1) time and attendance abuse, i.e. unscheduled/unauthorized absence, which (2) interferes with the operations of the department, all parties agree that the Employee shall receive a Letter of Reprimand.

2. In addition, the Employee shall have a fine of five (5) weeks' salary, satisfied by use of accruals, held in abeyance for one (1) year commencing from the date of this settlement agreement. This probationary period will be extended by each and every absence incurred by the Employee during this one (1) year period, whether scheduled or unscheduled. Should the Employee engage in any misconduct that is the same or similar to that described above as determined by the Director of Labor Relations or her designee prior to January 13, 2016, the penalty held in abeyance may be imposed. The Director of Labor Relations' or her designee's decision to implement this penalty cannot be appealed in any legal or administrative forum by the Employee, CSEA, or anyone on her behalf.

3. The Employee's Time and Attendance Watch shall be extended for one (1) year commencing the date of this settlement agreement. During this one (1) year period, the Employee will be required to submit verifiable documentation for each unscheduled absence; including non-medical absences. **Each unscheduled absence/lateness due to personal or family illness, injury, etc. must be accompanied by a doctor's note signed by a qualified health care professional that specifies the date seen by the doctor, diagnosis, prognosis, and expected date of return.** In each case documentation is due on the date of return to duty and must be submitted directly to The Employee's supervisor or the appointed designee. Documentation which you wish to keep confidential may be submitted to the SUNY-DMC Confidentiality Officer located at 420 Lenox Road, Brooklyn, NY 11203 (Mailing address 450 Clarkson Ave, Box 1224, Brooklyn, NY 11203, tel 718-270-1972, fax 718-270-4684.)

4. Furthermore, the Employee shall contact Lorraine Brooks, Coordinator of the Employee Assistance Program (EAP), at 718-270-1489, by close of business Wednesday, January 28, 2015, in order to be evaluated for admission into a program designed to address any issue(s) that negatively affect her work performance. Failure to contact the Employee

AG 1-14-15
M Cuty    1/14/15

Assistance Coordinator or to participate in and complete any recommended program shall be deemed a breach of this agreement and the penalty held in abeyance may be imposed.

5. Effective immediately, the Employee agrees to adhere to all Departmental policies and procedures governing time and attendance.

6. This settlement represents the entire resolution of any and all current and future claims and grievances, known or unknown to Ms. Myriam Santiago, relating to her employment with SUNY-DMC leading up to the signing of this settlement. The parties agree that this settlement is final and binding and neither party will seek, in any way, to vacate or overturn its provisions. This settlement shall be admissible in future proceedings between the Employee and SUNY – Downstate Medical Center and the State of New York. However, this settlement shall have no precedential value for matters involving any other employee at SUNY-DMC other than Ms. Santiago. This Agreement supercedes any other understandings, either oral or written, between the parties and contains all terms and conditions agreed to by the parties. There are no contemporaneous agreements concerning this matter.

_Stephanie Benadil_  1/14/15
Employer                Date

_Myriam Santiago_       1/14/15
Employee                Date

_Anthea Green_          1/14/15
CSEA Representative     Date

cc:  Personnel File
     Case File

## SETTLEMENT

**State of New York – State University of New York Downstate Medical Center (SUNY-DMC)**
vs.
**Ms. Danie Pamphile, TH MED RADIOG I**

This settlement Agreement is entered into by and between the State University of New York – Downstate Medical Center ("SUNY-DMC" hereinafter referred to as "the Employer") and Danie Pamphile, TH Med Radiog I (hereinafter referred to as "the Employee"), collectively referred to as the "Parties."

1. This settlement agreement shall in no way constitute an admission of guilt on the part of the Employee.

2. In lieu of the Employee, being served a Notice of Discipline for: alleged (1) time and attendance abuse, i.e. excessive tardiness, etc., and (2) interfering with the operations of the department as a result of tardiness, all parties agree that this settlement shall serve as a Letter of Reprimand.

3. In addition, the Employee shall have a penalty ranging from Letter of Reprimand to a fine of four (4) week's salary held in abeyance until one year from the signing of this agreement. Should the Employee engage in any misconduct the same or similar to that described above as determined by the Director of Labor Relations or her designee, the penalty may be imposed. The Director of Labor Relations' or her designee's decision to implement this penalty cannot be appealed in any legal or administrative forum by the Employee, UUP, or anyone on her behalf.

4. The Employee shall be required to call in to Stephanie Bernadel, Senior Personnel Associate in the Office of Labor Relations at extension 1972, from the telephone on the front desk prior to the beginning of her shift beginning at 8:00 a.m. through January 27, 2016. The Employee will leave a voicemail delineating her time of arrival to work. Should the Employee fail to call in, the penalty held in abeyance may be imposed.

5. The Employee shall continue on medical restriction watch and be required to report to work daily and punctually. There shall be no instances of no call/no show; furthermore, the Employee is required to submit verifiable documentation for each unscheduled absence, including non-medical absences. Each unscheduled absence due to personal or family illness, injury, etc. must be accompanied by a verifiable doctor's note that specifies the date seen by the doctor, medical facts supporting the leave and expected date of return. In each case, documentation is due on the date of return to duty and must be submitted directly to the Employee's supervisor and/or the Department's designated appointing authority. Medical certification which the employee wishes to keep confidential may be submitted to the SUNY-DMC Confidentiality Officer, located at 420 Lenox Road or via fax at 718-270-4684. Failure to comply will be deemed a violation of this agreement and the penalty held in abeyance may be imposed.

*AG 1-28-15*                *DP 1/28/15*

6. Effective immediately the Employee agrees to adhere to all Departmental policies and procedures governing time and attendance.

7. This settlement represents the entire resolution of all known or unknown claims and grievances that Ms. Danie Pamphile has or would have arising out of her employment at SUNY Downstate Medical Center (SUNY-DMC) arising prior to the date of this settlement agreement. The Employee waives her right to bring any suit, civil action, legal claim or, to otherwise attempt to impose any liability in any forum (including the EEOC and New York State Division of Human Rights) on SUNY, SUNY-DMC and/or the State government or any of their officers or employees in relation to her employment with SUNY-DMC. This settlement is not a precedent, but it shall be admissible by either party in future proceedings between Ms. Danie Pamphile and SUNY Downstate Medical Center.

_____       1/28/15
Employer                                Date

_____       1/28/15
Employee                                Date

Abe Gerecht as witness                 1-28-15
UUP Representative                      Date

cc: Personnel File
    Case File

## SETTLEMENT

**State of New York – State University of New York Downstate Medical Center (SUNY-DMC)**
**vs.**
**Mr. Josue Eliacin, TH MED RADIOG I**

This settlement Agreement is entered into by and between the State University of New York – Downstate Medical Center ("SUNY-DMC" hereinafter referred to as "the Employer") and Mr. Josue Eiliacin, TH Med Radiog I (hereinafter referred to as "the Employee"), collectively referred to as the "Parties."

1. In lieu of the Employee, being served a Notice of Discipline for: (1) time and attendance abuse, i.e. excessive tardiness, unscheduled absences, etc., and (2) interfering with the operations of the department, all parties agree that this settlement shall serve as a Letter of Reprimand.

2. In addition, the Employee shall have a penalty of one (1) week's salary held in abeyance until one year from the signing of this agreement, to be extended by each and every absence incurred by the Employee, whether scheduled or unscheduled. Should the Employee engage in any misconduct the same or similar to that described above as determined by the Director of Labor Relations or his designee, the penalty may be imposed. The Director of Labor Relations' or his designee's decision to implement this penalty cannot be appealed in any legal or administrative forum by the Employee, UUP, or anyone on his behalf.

3. The Employee shall continue on medical restriction watch and be required to report to work daily and punctually. There shall be no instances of no call/no show; furthermore, the Employee is required to submit verifiable documentation for each unscheduled absence, including non-medical absences. Each unscheduled absence due to personal or family illness, injury, etc. must be accompanied by a verifiable doctor's note that specifies the date seen by the doctor, medical facts supporting the leave and expected date of return. In each case, documentation is due on the date of return to duty and must be submitted directly to the Employee's supervisor and/or the Department's designated appointing authority. Medical certification which the employee wishes to keep confidential may be submitted to the SUNY-DMC Confidentiality Officer, located at 420 Lenox Road or via fax at 718-270-4684. Failure to comply will be deemed a violation of this agreement and the penalty held in abeyance may be imposed.

4. Effective immediately the Employee agrees to adhere to all Departmental policies and procedures governing time and attendance.

5. This settlement represents the entire resolution of all known or unknown claims and grievances that Mr. Josue Eiliacin has or would have arising out of his employment at SUNY Downstate Medical Center (SUNY-DMC) arising prior to the date of this settlement agreement. The Employee waives his right to bring any suit, civil action, legal claim or, to

*JE 1/28/15*

otherwise attempt to impose any liability in any forum (including the EEOC and New York State Division of Human Rights) on SUNY, SUNY-DMC and/or the State government or any of their officers or employees in relation to his employment with SUNY-DMC. This settlement is not a precedent, but it shall be admissible by either party in future proceedings between Mr. Josue Eiliacin and SUNY Downstate Medical Center.

_____  1/28/15
Employer                          Date

_____  1-28-15
Employee                          Date

_____  1-28-15
UUP Representative                Date

cc: Personnel File
    Case File

## SETTLEMENT

**State of New York – State University of New York Downstate Medical Center (SUNY-DMC)**
**vs.**
**Ms. Danie Pamphile, TH MED RADIOG I**

This settlement Agreement is entered into by and between the State University of New York – Downstate Medical Center ("SUNY-DMC" hereinafter referred to as "the Employer") and Danie Pamphile, TH Med Radiog I (hereinafter referred to as "the Employee"), collectively referred to as the "Parties."

1. This settlement agreement shall in no way constitute an admission of guilt on the part of the Employee.

2. In lieu of the Employee, being served a Notice of Discipline for: alleged (1) time and attendance abuse, i.e. excessive tardiness, etc., and (2) interfering with the operations of the department as a result of tardiness, all parties agree that this settlement shall serve as a Letter of Reprimand.

3. In addition, the Employee shall have a penalty ranging from Letter of Reprimand to a fine of four (4) week's salary held in abeyance until one year from the signing of this agreement. Should the Employee engage in any misconduct the same or similar to that described above as determined by the Director of Labor Relations or her designee, the penalty may be imposed. The Director of Labor Relations' or her designee's decision to implement this penalty cannot be appealed in any legal or administrative forum by the Employee, UUP, or anyone on her behalf.

4. The Employee shall be required to call in to Stephanie Bernadel, Senior Personnel Associate in the Office of Labor Relations at extension 1972, from the telephone on the front desk prior to the beginning of her shift beginning at 8:00 a.m. through January 27, 2016. The Employee will leave a voicemail delineating her time of arrival to work. Should the Employee fail to call in, the penalty held in abeyance may be imposed.

5. The Employee shall continue on medical restriction watch and be required to report to work daily and punctually. There shall be no instances of no call/no show; furthermore, the Employee is required to submit verifiable documentation for each unscheduled absence, including non-medical absences. Each unscheduled absence due to personal or family illness, injury, etc. must be accompanied by a verifiable doctor's note that specifies the date seen by the doctor, medical facts supporting the leave and expected date of return. In each case, documentation is due on the date of return to duty and must be submitted directly to the Employee's supervisor and/or the Department's designated appointing authority. Medical certification which the employee wishes to keep confidential may be submitted to the SUNY-DMC Confidentiality Officer, located at 420 Lenox Road or via fax at 718-270-4684. Failure to comply will be deemed a violation of this agreement and the penalty held in abeyance may be imposed.

AG 1-28-15

DP 1/28/15

**SUNY 006656**   -CONFIDENTIAL-

6. Effective immediately the Employee agrees to adhere to all Departmental policies and procedures governing time and attendance.

7. This settlement represents the entire resolution of all known or unknown claims and grievances that Ms. Danie Pamphile has or would have arising out of her employment at SUNY Downstate Medical Center (SUNY-DMC) arising prior to the date of this settlement agreement. The Employee waives her right to bring any suit, civil action, legal claim or, to otherwise attempt to impose any liability in any forum (including the EEOC and New York State Division of Human Rights) on SUNY, SUNY-DMC and/or the State government or any of their officers or employees in relation to her employment with SUNY-DMC. This settlement is not a precedent, but it shall be admissible by either party in future proceedings between Ms. Danie Pamphile and SUNY Downstate Medical Center.

_____   1/28/15
Employer                    Date

_____   1/28/15
Employee                    Date

Abe Gerecht as witness      1-28-15
UUP Representative          Date

cc: Personnel File
    Case File